Tompkins, J.,
delivered the opinion of the Court.
This case is an action of debt. It was brought by Easton v. 'Collier, and one Joshua N. Robbins, on a recognizance of bail, entered into by them, for one P. E. Robbins, in the county of Lincoln.
There are two counts in the declaration. To the first count of the declaration, the defendant pleads, first, mil tiel record, on which there is issue joined, and found for the plaintiff. To the same count, the defendant, Collier, pleads, also, that no cana issued and returned on the original judgment against P. K. Robbins, before the commencement of this suit.' To this plea, the plaintiff replies a casa, and sets one *300 out, which is variant from the original judgment against P. K. Rohbins, in this, that the original judgment was given for the sum of @1731 86 cents debt, also $71 96 for damages, for detaining said debt, as well as for the costs and charges by him expended; and the casa, is for $1731 debt, and the sum of $58 44 damages, for detaining the debt, together with his costs and charges in this behalf expended, without saying how much these costs and charges were. To this replication there was demurrer, and the demurrer sustained in behalf of the defendant. Here the judgment as to the second plea of the first count, ended. The sixth plea to the second count is, that the defendant, Robbins, was going to surrender himself in discharge of his hail, and that the plaintiff fraudulently requested him not to do so, &c., whereby he was prevented ; issue on the plea, and found for the defendant. There were many other pleas, and much other pleadings in this case, which it is not at all material to notice, as it appears to have been abandoned, or never expressly decided in the Court below. On the issue of fraud, the jury found for the defendant; a motion was made for a new trial, and refused; an objection was made to entering judgment for the defendant; though not formal, it is good in substance, as a motion in arrest of judgment, which the Court overruled. A motion was made for a repleader, on the ground the issue was immaterial, which was refused, and the Court gave judgment for the defendant.
The first point to he considered, is, did the Court err in refusing to arrest the judgment, on the ground that the jury had not found all in issue ?
Second. Did the Court err in refusing to award a repleader, on the ground that the issue of fact, as made up, was immaterial?
Third. Did the Court err in refusing a new trial ?
Fourth. Did the Court err in deciding the demurrer against the plaintiff, on the ground of the variance?
In considering tire first point,, it will be necessary to see what the issue was, and what the jury found.
The plea is, in substance, that before the return of any casa, and while the same was in the hands of the Sheriff, the said P. IC. Robbins offered, and was going to surrender himself in discharge of his bail, and that the plaintiff,- in order to fix and charge the said bail, fraudulently requested the principal not to surrender himself thereon, and assured the principal, that his only object in taking out execution was, to continue the same, so as to prevent the necessity of reviving the judgment by set. fa.; by means of which said request and representations, the said Robbins was then and there prevented from surrendering himself as aforesaid.
The verdict of the jury responds to the plea, word for word, as far as it goes; but it does not find all in issue. A part of this issue is, that Robbins, by means of this fraudulent request, was prevented from surrendering himself. The verdict says nothing about this.
The lav/ is, that all in issue must be found, or in other words, the whole of the substance of the issue miist be found: 7 Bac. 22. ' If a verdict only find part of what is in issue, it is bad : 7 Bac. 19. This is authority enough on the subject. Here a material part of the issue has not been found, and for that the judgment must be reversed. But it is said, this Court might amend it, if the fact was, that more had been found, and had been omitted by the Clerk, in entering the verdict. The opinion of the Court is different. Admit amendments may be made on writs of error: what shall we amend by here — by the memory of any one who could swear to-the fact? This is too dangerous — by the Judges notes who tried the cause ? This cannot be admit *301 ted. The notes of the Circuit Judge are no evidence to this Coxu-t, and there is nothing on this record to amend that matter by. If there is not, we cannot amend. The causes cited by the defendant’s counsel do not go the length to warrant the amendment required, because the amendments there made were from the notes of the Judge of the same Court, in one case, and in the other from the record itself. As to the second point, ought a repleader to have been awarded on the ground that the issue was immaterial. The obligation entered into by the defendant, Collier, is, that Robbins shall pay the debt, or surrender himself in execution; or that Mr. ColJier will do it for him. Collier covenants, that Robbins will surrender himself in execution ; the plea is, that Easton made a request which was fraudulent in its quality, to prevent Robbins from doing the thing which Collier covenanted Robbins should do, or, in default thereof, that he would do it for him. Where a thing is in the alternative, if either is done, it is good. The plea alledges, that Robbins offered, and was going to surrender himself, to discharge his bail. The rule in construing pleas is, that it shall be construed most strongly against him who pleads it. According to this rule, let us interpret the words of this plea. The words, that he offered, and was going to surrender, may mean, that the offer was made to Easton, to Collier or the Sheriff. Now, the strongest construction of the plea for the defendant is, that the offer was made to the Sheriff$ but the strongest construction for the plaintiff is, that the offer was not made to the Sheriff, and, therefore, the offer would be of no avail, and the latter construction is the one the law gives. The plea in this particular1, is uncertain and bad, because it does not present a traversable material part. The words, going to surrender, are also capable of two meanings. They may mean, that Robbins was on the way to the spot and person where and to whom the surrender could be made ¡ or it may mean, that he only entertained the intent to surrender. The strongest construction, then, to he given against the pleader, is the latter. Then, if the intent was only entertained, it was not put in a traversable shape$ but whether Robbins intended to surrender or r.ot, must be immaterial; the question must be, did Easton defeat the act to he done, by fraud, or not — whether he, by a fraudulent request, changed an ’intent only. We now come to the question, whether the matter set up could be a defence in law, and the act done by Easfon was such a fraud as to prevent him to recover. Admit that Robbins was on the way to the Sheriff, that he found him, and offered to make the surrender, and that Easton did what the plea alledges against him; and that Robbins was thereby induced to withdraw his offer of surrender, it does seem by two cases in Crake Elizabeth, that Collier would not be thereby discharged. The one is to he found in Ci-oke Elizabeth, 672, Morris v. Lutrell; the case was, that A. entered into a bond to B. conditioned to save B. harmless against another bond, made by B. tó C. for the payment of £100, at a day and place; A. pleads, that at the day of payment, he was going to the place to pay it, and that B., by covin with another, caused A. to he imprisoned till after sunset, to the intent the £100 should not he paid, so that he could not pay the bond. This, on demurrer, was adjudged against the defendant, and that such a surrender was no bar. Another case will he found in 1 Sac. M. 679, where a lease was made on condition that the lessee shall not harbor any whore within the house so let, and that if he ..suffers such woman to stay there six weeks after warning, it shall he lawful for the lessor to enter. The lessee suffered the woman to be there, the warning was given, and the lessor, after giving the warning, commanded the woman to stay six weeks, which she did; yet this shall not excuse the performance of tl^e cppc^tion, *302 because the lessor did not do any act, and notwithstanding the command, the lessee might nave removed her. Another case, still stronger, is found in Croke 'Eliz. 694; the case is Blanford v. Andrews: debt was brought upon an obligation of £80, conditioned that if the defendant procured a marriage to be had between the plaintiff and one Bridget Parmer, at or before a certain day, that the bond was to be void, &c. The defendant pleaded, that before the day, the plaintiff came to B. Parmer and called her a whore, and told her that if she married him, he would tie her to a post, and used other opprobious words to her, by reason whereof the defendant could not procure the marriage. The plaintiff demurred to this plea, and the demurrer was sustained, because the defendant had not shown that he had used his endeavors to procure the marriage; for it may be that, notwithstanding the words, they would have intermarried; and the defendant ought to show that there was not any default in him, and that he did all he could to procure the marriage.
By these cases it will be seen that the act was done to the person who had to do a material part of the thing to be performed, yet the bonds were forfeited.
The defendant in this case oughtto have shown, at least, that he did all he could to surrender Robbins, and that he vyas obstructed and prevented from doing so by Easton; so that the plea is bad in form and in substance. The matter of this defence is as immaterial as it would have been to have said, the defendant could not surrender, because he could not lipd Robbins.
The next inquiry is, ought the repjeader to have been awarded? Erom the best consideration this matter is capable of receiving, it seems a repleader ought not to have been awarded, because the rule is, if it appears, hy the defendant’s own showing, that in no way this plea can he put, it would amount to a bar, and would have no merits, a' repleader cannot he awarded: 1 Chit, on Pleadings, 634, In this, the defect is in the substance, as well as in form; to be sure, the form may be amended, hut the substance set forth cannot he moulded into form, so as to make a good defence ; and if this matter stood alone, the judgment must he nofi obstante veri dicto. But as tie declaration is replied to by other pleas, which have not been disposed of, the cause must he sent baplt, to have those matters disposed of.
Third. As to the cause assigned for error, in refusing a new trial, it is not necessarv to make any disposition of it.
The fourth point proposed to be considered, is, did the Court err in deciding the demurrer against the plaintiff, on the subject of variance. On this point, the Court is divided in opinion 5 Judge Pettibone being of opinion, the decision is right, and Judge M’Gibk being of a different opinion; the judgment on that point is, therefore, affirmed. As to the motions to discharge the bail, we do not consider them any part of the record; and.as to the goodness of the pleas to tire second count, yet to be disposed of, we forbear any opinion.
The judgment on the first count is affirmed, with costs 5 and the judgment on the second count is reversed, with costs. The cause is sent hack, to he further proceeded pn in the Court below, by disposing of the pleas and issues, not yet disposed of.
Pettibone, J.
The Court below were correct in not awarding a repleader. If the plea is in substance no bar to the suit, then there is no use in ordering it to be repleaded in another shape; for whatever shape it may assume, it still will be no bar. A repleader is not *303 awarded for the purpose of letting the party try his hand at a new and distinct subject of defence, for it is not, and cannot be, at his instance; but it is, that he may plead the same defence in a better form, or that he may traverse some material part of the previous pleadings, which, under the slate of the case, may be necessary to elucidate the cause, and show the Court which way the judgment ought to be given. This plea traverses no part of the declaration. It admits the declaration, but attempts to avoid it. If this plea stood alone, and it constituted no bar to the action, because it was bad in substance, judgment Would go for the plaintiff, notwithstanding the verdict for defendant, because the declaration would stand confessed, and the plea constituted no defence. So in this case, where the declaration is traversed by other pleas, if they are found for the plaintiff, and this last plea constitutes no defence, and cannot, under any shape in Which it can be put, form a defence, then a repleader cannot be awarded, but judgment must go for the plaintiff, non obstante veri dido: 1 Chitty, 634. If the plea is bad in substance, therefore, and cannot be put into a' shape that will make it available as a bar, the Court were right in refusing a f epleader,-especially as all the material parts of the declaration had been already traversed.. But I am of opinion, that the plea is a good bar, and that if it is defective in form, those defects Would be cured by verdict. I hold it to be good law, as well as good equity and good sense, that if I obligate myself for the performance of an act by a third person, and that person is fraudulently prevented from performing the actj by the obligee, either by misrepresentation or force, for the- purpose of charging me-with the obligation, it will excuse me from it. The defendant, in this case, obligates himself that Robbins shall pay the debt, or surrender himself in execution. The plea sets out, that Robbins was hindered and prevented from fulfilling this obligation, by the fraudulent misrepresentations of the plaintiff. I, therefore, think the plea good, and tor that reason, the motion for a repleader was properly overruled. I concur with his honor, Judge M’Gikk, in the opinion, that the verdict is bad, and that the judgment in the Court below, upon the verdict, be reversed $ but do not concur with him in the opinion, that the Court below erred in sustaining the demurrer to the replication to the second plea to the first count of the declaration. I think the demurrer properly sustained, on the ground of the variance between the judgment and execution, as set out in the pleadings.