Tompkins, J.,
delivered the opinion of the Court.
Beauchamp commenced this action against Best, in his lifetime, on a covenant to convey a tract of two hundred and twenty-five acres of land on a day certain. The declaration sets out that Best, hy his deed, acknowledged to have sold to the said Beauchamp, the plantation on which he (Best) then resided, containing two hundred and twenty-five arpents of land, for and in consideration of the sum of ten dollars per arpent for the said land, being the sum of two thousand two hundred and fifty dollars. The declaration then avers payment, hy Beauchamp, of. the purchase money, and that Best, hy his said deed, had covenanted to make Beauchamp a good general warranty deed for said land, on or before the first of January, 1820, under penalty of $4,500. The defendant traverses the averment of payment, and for second plea says, that Beauchamp executed to him a deed poll, hy which lie *421 bound himself to pay to him, Best, the sum of $2250. This deed poll was of the same date, and became due on the same day with the deed of Best to Beauchamp. Best, in his said ple'a, sets out, that it was agreed between him and Beauchamp, at the execution oí these two instruments, that the title should he made out to the land, as soon as the money should he paid; but this agreement was verbal. The defendant then denies the payment of the money, or any part thereof. The third plea is the same with the second, except that, instead of averring the non-payment of the purchase mon'ey, by Beauchamp, he avers he was ready and willing, and offered to make a general warranty deed to said Beauchamp for the said land, hut the said Beauchamp would not then, &c., pay the said sum of $2250.
To each of these pleas there is a general demurrer; and joinder in demurrer, and judgment for the plaintiff. To reverse this judgment, this appeal is taken. The points for this Court to decide are, whether the averment of payment was material, and if so, whether the second and third pleas are good pleas in bar.
The deed of Best to Beauchamp states, that he, Best, had sold his land to Beau-champ, for a given sum, and then he covenants to convey, by deed, on a day fixed. This is not like the case stated in 'Saunders, 320, N. 4, where it is said, if B. covenant to pay A. ten pounds for a year’s service, these words make the service a condition precedent. Here Best says he has sold his land, for,ten dollars per acre, &c., and covenants to do another thing, at a future day. Wow it appears, evidently, that he was to perform this other thing, viz : to convey, by deed, because he had sold. And the presumption is strong, either that he had received his money, or had, by some Other means, secured it. The Court, then, thinks the averm'ent of payment to Best is immaterial, and that the plea denying that payment, was properly demurred to, and the demurrer well sustained-. The second plea seeks to connect the deed poll of Best to Beauchamp, with Beauchamp’s deed poll to Best, by covenant, so as to make it necessary for'Beauchamp to prove the payment of the money, before he can demand the deed, or damages, for breach of covenant to convey. The authorities cited are all cases, where the two writings, to-wit-, that held by the plaintiff, and that held by the defendant, evidently refer to each other. It seems to the Court, that the two writings cannot be so connected, by the averments made in the plea.
It would be strange perversion of the rules of evidence, were parol evidence to be let in to control the meaning of deeds. The intention of parties to a contract, is certainly to govern that contract. But where there is an agreement by writing, under seal, verbal testimony cannot be resorted to, to give that written agreement a different meaning from what it carries on its face. The two instruments of writing are as independent of each other, as language can make them. True, the money is to be paid on the same day the land is to be conveyed 5 and so might two writings, executed, one in Europe and the other in Asia, take effect, or require things to be done on the same day; and there might be just as much reason for supposing, in the latter case, that one thing was to be done before the other, as in the fomer case. The presumption is fair, that as the two deeds in no Way refer to each other, and especially, as the parties each chose to write his obligation on a separate and distinct piece of paper, they intended the covenants to be totally independent. Best might loose his land by the insolvency of Beauchamp, and Beauchamp might loose his money, if Best should be found to have no title to the land 5 for Best might, too, in time, be unable to refund the money he had received for his land. Wo doubt, each calculated *422 the risk he was to ran, and that each proposed to himself advantages from the construction we are disposed to give th eir instruments. Rest might find it to his interest to have the bond of Beauchamp for $2250, unelogged by any condition, and Beau-champ might be equally content to have the bond of Best, for a tille to be made, at all events, on a given day. If such were not their wish, we may reasonably suppose they knew how to express their meaning, and would have done it. The reasons for sustaining the demurrer to the second plea, are all good for sustaining that to the third plea, so far as they go. We do not think it material to give any opinion about the sufficiency of the tender of the deed. The opinion of the Court was-given in the case of Price v. Rector, decided at St. Louis, a case similar to this.
The judgment is affirmed, with costs.