MAY TERM.
1842.

BIRCHER v. PAYNE.

Bircher,,
v.
Payne.

A. gave his notes for the payment of the purchase money of a certain tract of land, and, at the same time, the payee agreed, under seal, that if there should be any suit concerning the land, the notes should not be paid until the same had been "entirely got rid of and c eared away," and then the expenses of the suit were to be deducted from the notes Held: that this agrement could not be set up in bar to a suit on the notes, as it did not amount to a defeasence or a release. The party aggrieved had his action on the covenant.

Error to St. Louis Court of Common Pleas.

BLAIR and GANTT for Plaintiff.

GEYER & DAYTON for Defendant.

*Opinion of the Court, delivered by Scott, Judge.*

Bircher, as assignee of one Gonsollis, brought an action of assumpsit against Payne, on a promissory note, dated 25th November, 1836, for the sum of four hundred and eighty-five dollars, payable two years after date. After the general issue, and a plea of set-off, the defendant pleaded three special pleas in bar, growing out of a contract made between Gonsollis, the payee, and Payne, at the time of the execution of the note. The pleas alleged that at the date of the note sued on, Gonsollis, the payee, agreed under seal, with Payne, that, whereas, Payne had given to Gonsollis two notes, dated 25th November, 1836, each for four hundred and eighty-five dollars; payable, one of them in one, and the other in two years after date; the same being part of the purchase money of a tract of land situate in St. Louis county : now, should there be any suit or disturbance concerning the said land, the said notes shall not be paid until the same has been entirely got rid of and cleared away, and then to be deducted from said notes such amount of lawyer's fees and other expenses as said Payne shall pay on account thereof: and that at the same time the said writing obligatory and the said notes were mutually delivered : that afterwards, one Taylor claiming title to said land, adverse to that of

MAY TERM.
1842.

Bircher
v.
Payne.

Gonsollis, commenced against said Payne an action of trespass on account of said land, in the St. Louis circuit court, which is now pending: that the said Payne hath retained counsel to defend the same; and that the note sued on is one of the two notes in the said writing obligatory mentioned. There were two other pleas nearly similar to the foregoing. To these three pleas, special replications were filed, which were demurred to, and the demurrers sustained. The plaintiff then took a nonsuit, and sued out his writ of error.

The breach of contract charged in these pleas do not amount to a defeasance, nor to a release. The pleas form no bar to the action. The parties have agreed that this note shall be paid two years from its date, and a separate and distinct agreement, varying the time of performance, not amounting to a defeasance or a release, is no defence to an action brought on the note. If the agreement set up in bar by the defendant is violated to his prejudice, he may have his action. This is like the case of an obligee covenanting not to sue the obligor for a certain time; it does not amount to a defeasance, nor can it be pleaded as such; but is a covenant only for a breach of which the obligor may bring his action. 2 San. R. 47; Atwood v. Lewis, 6 Mo. Rep. The defendant having demurred to the plaintiff's replications, and his pleas being held bad, the judgment will be reversed, and the cause remanded.

A. gave his notes for the payment of the purchase money of a certain tract of land, and, at the same time, the payee agreed under seal, that if there should be any suit concerning the land, the notes should not be paid until the same had been "entirely got rid of and cleared away," and then the expenses of the suit were to be deducted from the notes.

Held, that this agreement could not be set up in bar to a suit on the notes, as it did not amount to a defeasence, or a release. The party aggrieved had his action on the covenant.