THOMPSON, Respondent, v. CRUTCHER, Appellant.

1. In an action on a promissory note, an answer, stating that the consideration of the note was the sale of a certain tract of land, and that the plaintiff (the vendor) had not, at the time of the sale, "title to a portion of the land sold," is insufficient to set up the defence of a partial failure of consideration.

2. A. bought a tract of land of B. and gave his promissory note payable at a specified time for the purchase money; B. at the same time gave his title bond to A. conditioned for a conveyance at the time specified in the note. *Held,* that the promise to pay the purchase money, being by a distinct and separate instrument, was not dependent upon the covenant to convey; that B. might maintain an action on the promissory note without offering to make a conveyance.

*Appeal from Buchanan Court of Common Pleas.*

The following is the petition in this case: "The plaintiff, William N. Thompson, states that the defendants, W. H. Crutcher, R. M. Crutcher and Robert C. Mosely, on the 25th day of April, 1857, executed to the plaintiff their promissory note, and obligation of said note, binding themselves to pay to the plaintiff $15,500 on the first day of October next following said date, for the consideration and sale and purchase of 540 acres of land. Said note is due and unpaid and is filed herewith. Wherefore plaintiff prays judgment for $15,500 and interest and costs upon said note."

The note is as follows: "On the first day of October next, we promise to pay William N. Thompson fifteen thousand five hundred dollars, being the purchase money in full of five hundred and forty acres of land, in Buchanan county, Missouri, this day purchased of said Thompson by W. H. Crutcher, and being the same land for which said Thompson has this day executed his title bond to said Crutcher. Given under our hands this 25th day of April, 1857. [Signed] W. H. Crutcher, R. M. Crutcher, Robert C. Mosely."

The following is the title bond referred to: "Know all men by these presents, that I, William N. Thompson, am held and firmly bound unto William H. Crutcher in the penal sum of thirty thousand dollars, for the payment of which

well and truly to be made I bind myself, my heirs, executors and administrators firmly by these presents. Sealed with my seal and dated this 25th day of April, A. D. 1857. The condition of the above bond is such, that whereas the said William N. Thompson has this day sold to the said William H. Crutcher the following described tracts, pieces or parcels of land [describing them] for the sum of $15,500 for all of said land, payable on the first day of October, 1857 : Now if the said William N. Thompson, on the payment of said sum of money at the time aforesaid, shall convey said described premises by a good and sufficient deed of general warranty to the said William H. Crutcher, his heirs or assigns, then these presents shall be null, void and of no effect; otherwise to remain in full force and virtue in law. And the said Thompson further binds himself to give possession of the dwelling house on the tract on which he resides at the time the sum aforesaid is paid to him; of the farm land he is to be permitted to retain possession a sufficient time to take care of and remove the crops which may be grown on said land during the present season. Witness, &c. [Signed] William N. Thompson (seal)."

William H. Crutcher made no appearance or defence. The defendants, Mosely and R. M. Crutcher, answered, admitting the execution of the note, but setting up that they were securities; that the consideration of the said note was the sale of the land referred to therein; that " at the time of the execution of said bond plaintiff had not title to a portion of the land sold, but to what portion thereof these defendants do not know; neither have they any knowledge or information thereof sufficient to form a belief;" that the agreements to pay the money and to make a deed are mutual, dependent and concurrent agreements and covenants; that plaintiff has not complied or offered to comply with the terms of the bond.

This answer was stricken out on motion of plaintiff. This action constitutes the error complained of.

*Vories*, for appellant.

I. The court erred in striking out defendants' answer. The answer was sufficient. The covenants to pay the money and to make the deed and deliver possession were concurrent and dependent. (1 Chitt. Pl. 323; 11 Wend. 48; 15 Mo. 387.)

I. The answer also alleges that Thompson is not the owner of part of the land sold and therefore could not make such a deed as he had covenanted for. (11 Wend. 48; 16 Mo. 419.)

*Loan*, for respondent.

I. The covenants were mutual, independent covenants. (8 Mo. 487; 7 Mo. 569.) The allegation of failure of title was insufficient to raise the question of failure of consideration. (10 Mo. 267.)

SCOTT, Judge, delivered the opinion of the court.

So much of the answer as alleges that the plaintiff was not the owner of a portion of the land sold is insufficient to set up the defence of a partial failure of consideration. The portion may be so small that the maxim *de minimis non curat lex* would apply; and every party's pleadings are to be taken strongest against himself. If the defendants set up the want of consideration, the burden of proof is on them.

As the promise by the defendants to pay the money was an absolute and unconditional one by a separate instrument, it can not be considered as mutual and dependent on the covenant to convey, as that is by a separate and distinct agreement. Under such circumstances the rule with regard to mutual and dependent covenants does not apply. (Simonds, adm'r of Best, v. Beauchamp, 1 Mo. 421; Bircher v. Payne, 7 Mo. 462.) The other judges concurring, the judgment will be affirmed.