JACOB DIETRICH, Respondent, v. CARL FRANZ, Appellant.

1. *Bonds—Contracts—Purchase money of land—Obligations on note and bond mutually dependent, when.*—When a bond is conditioned to convey land upon the payment of a note given for the purchase money, the vendor should tender a deed thereof if he seeks to recover on the note. The obligations on the bond and on the note are mutually dependent.

Dietrich v. Franz.

*Appeal from Second District Court.*

*Davis & Houck*, for respondent.

Where the acts or covenants of the parties are concurrent and to be done or performed at the same time, the covenants are dependent, and neither party can maintain an action against the other without averring and proving performance on his part. Whether we consider the particular language or the general intent of the parties, the covenants between them were mutually dependent and conditional, and the vendor can not recover without averring performance or an offer to perform on his part. (Kane v. Hood, 13 Pick. 281 ; Runkle v. Johnson, 30 Ill. 328 ; Lucas v. Clemens, 7 Mo. 367; Mobley v. Keys, 13 S. & M. 677; Eckford v. Halbert, 30 Miss. 273 ; Klyce v. Broyles, 37 Miss. 524 ; Johnson v. Wygant, 11 Wend. 48 ; Green v. Reynolds, 2 Johns. 207 ; Jones v. Gardner, 10 Johns. 266 ; Gazley v. Price, 16 Johns. 267 ; Parker v. Parmelee, 20 Johns. 130 ; Northrup v. Northrup, 6 Cow. 296 ; Slocum v. Howard, 8 Wend. 615–18 ; Sugd. Vend. 162–3 ; 2 H. Bl. 123 ; Dougl. 620 ; 11 Wend. 48, cited in 15 Mo. 392.)

*L. Brown*, for appellant.

BLISS, Judge, delivered the opinion of the court.

This was a suit upon a promissory note for $4,500. Defendant sets up that the note was given for the purchase money and as the final payment for half of a brewery and personal property belonging to it ; that plaintiff gave a bond, conditioned to execute and deliver him a warranty deed for the property upon the payment of said note, etc., and also alleges various failures of the plaintiff to comply with his agreement to sell, and asks for a rescission of the contract. The answer was stricken out and judgment rendered by default.

The answer fails to state sufficient grounds for a rescission of the contract, but it does set out the consideration for the note, and shows that the plaintiff is not entitled to judgment without tendering a deed, according to the condition of his bond. It is not

doubted that when a contract of sale is signed by both parties, and a payment is to be made and the deed delivered at the same time, the conditions are dependent, and can not be enforced by either without performance on his part. But counsel for plaintiff claims that when the purchaser gives his promissory note for the purchase money, and takes a separate obligation for a deed, the liability on the side of the maker of the note is absolute, and payment can be enforced without performance by the vendor. It is true that if the note is negotiated, the law merchant would enforce its payment in the hands of a stranger without reference to its consideration. But the payee and vendor holds it as part of the contract of sale, and no reason exists why it should not be so treated. The deed is its only consideration, and is due when the note is payable; and no reason can be given for holding mutual covenants to be dependent in any case that does not apply to this. The bond is expressly conditioned to convey upon the payment of this note, and mutuality requires that the vendor should convey if he seeks to recover. The obligations are not independent in form even, for that of one of the parties is made to depend upon the payment of the purchase money. Should that advantage over the other party be given the vendor when the consideration of the note which he holds, and which can be inquired into in his hands, is a conveyance to be made at the time of its payment?

This obligation is expressly recognized in Wellman's Adm'r v. Dismukes, 42 Mo. 101, though it is claimed to have been ignored in Bircher v. Payne, 7 Mo. 462, in Smith v. Busby, 15 Mo. 387, and in Thompson v. Crutcher, 26 Mo. 319. An examination of two of these cases, however, will show that no decision was made contrary to the doctrine now held. In the first case, the note given for the purchase money was sued by an assignee, and it appeared that when it was made there was an agreement to postpone its payment upon a certain contingency. The court likened it to a contract of forbearance to sue, which could not be pleaded as a defeasance, but might be the subject-matter of an action. In Smith v. Busby the court held the maker upon his note because it was due *before*, and not at the time he was entitled to his deed. In Thompson v. Crutcher the court seems to decide against our

view, and refers for authority to Bircher v. Payne, *supra*, and to Best's Adm'r v. Beauchamp, 1 Mo. 589. Bircher v. Payne, as we have seen, is unlike this case, and in Best's Adm'r v. Beauchamp two independent covenants were executed, one by each party, and making no reference to each other. The court held them not to be dependent, although to be executed upon the same day. The action was against the vendor upon his covenant to convey, and the chief reason given for the decision was the fact that no allusion was made to the obligation to pay, and a sealed instrument could not be explained by parol.

The court must have been misled by its authorities, and was led to announce a doctrine that might be made to work the greatest injustice.

In Pratt v. Gulick, 13 Barb. 297, a note was executed for the consideration of an agreement to deliver lumber at a future day. The court held the maker liable upon his note, although the lumber was not delivered as agreed, because they were independent agreements, neither of them referring to the other, or being conditioned upon its performance. Had the agreement been to deliver the lumber at the maturity of the note, and conditioned upon its payment, I can not see upon what principle the agreement to pay the note should not also have been held subject to the implied condition of the delivery of the lumber.

In the case of Wellman's Adm'r v. Dismukes, before referred to, the obligation of the purchaser was evidenced only by promissory notes; but inasmuch as the bond for a deed was conditioned upon their payment, the case was treated as though there had been but a single contract with mutual conditions, and there can be no sound reason for taking any other view. And so in Mobley v. Keys, 13 Smede & M. 677, and in Eckford v. Halbert, 30 Miss. 273, and Klyce v. Broyles, 37 Miss. 524, the purchaser had given notes for the purchase money, but their payment was held to be conditioned upon a conveyance by the vendor.

The answer in the case at bar should have been reformed. It did not show facts sufficient to entitle the defendant to a rescission of the contract, but it did show that the plaintiff had no right to

recover without conveying or offering to convey; and the judgments of the lower courts are reversed and the cause remanded, with leave to amend answer.   The other judges concur.