JOHN H. CLOPTON *vs.* RICHARD BOLTON.

This case does not fall within the principle that governed the case of *Wad-lington* v. *Hill*, 10 S & M. 560 ; for there the suit was brought upon an article of agreement for the sale and purchase of land ; and the court held that the covenants were dependent, in such case the party seeking to enforce his contract, must allege either a performance or an offer to perform his part. Here the covenants are independent, and the rule cannot apply.

It is believed by the courts to be most just to hold all covenants to be dependent ; yet where the parties have clearly expressed their intention and made them independent as in this case, courts cannot undertake to control their acts and intentions, and hold them dependent. But in doubtful cases the courts

may incline to hold them dependent; should they be free from doubt, such contracts can only be enforced as they are made.

Where covenants are dependent, the party seeking to enforce them must show a compliance, or an offer to comply with his part; but where they are independent, no such obligation rests with him; *held*, in this case, the covenants are independent.

THIS is an appeal from the circuit court of Marshall county; Hon. Hugh R. Miller, judge.

The facts of the case are given in the opinion of the court.

*Scruggs & Walter*, for plaintiff in error,

Cited *Wadlington* v. *Hill*, 10 S. & M. 560; *Peques* v. *Mosby*, 7 Ib. 340; 1 Peters, 461; 2 Iredell, 297; 7 How. 172.

*F. Anderson*, for defendant in error,

Cited *Hageman* v. *Sharkey*, 1 How. 277; *Leftwick* v. *Coleman*, 3 Ib. 167; *Rector* v. *Price*, 3 Ib. 320; 1 Ib. 341; 6 S. & M. 294; *Coleman* v. *Rowe*, 5 How. 160; *Grew* v. *Finucane*, 5 Ib. 572.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action brought upon two writings obligatory, payable twelve and twenty-four months after date, given for the purchase of a tract of land. The defendant pleaded that fact, and that the plaintiff, at the time of the contract, executed a bond to make title when the purchase-money should be fully paid, and that the plaintiff did not, before the bringing of this suit, tender a deed to the defendant for the land. On this plea the point presented is, whether this action can be sustained because of the failure to tender a deed before the suit brought. In our opinion it constitutes no bar. According to the case of *Gibson* v. *Newman*, 1 How. 341, the covenants were separate and distinct. On the one part there were instruments for the payment of the purchase-money at several different periods; on the other, an obligation to make title upon full payment of the purchase-money. Suppose the suit had been brought as soon as the first payment fell due, would it be contended that the plaintiff should make a deed before he could

recover that instalment, in the face of his obligation to make
title when all the money was paid.  Clearly not.  This shows,
beyond doubt, that the covenants were intended to be inde-
pendent.  The case, therefore, does not fall within the prin-
ciple of *Wadlington* v. *Hill*, 10 S. & M. 560.  There the suit
was brought upon the article of agreement for the sale and
purchase of the land.  The court held, that the covenants
were dependent, and that in such case the party seeking to
enforce the contract must allege a performance, or an *offer to
perform* on his part.  Here the covenants are independent, and
the rule cannot apply.

It is true, that courts think it most just to hold covenants
to be dependent.  Yet, where the parties have clearly ex-
pressed their intention, and made them independent, the
courts cannot undertake to control their acts and intention,
and hold them to be dependent.  In a doubtful case, the court
may incline to hold them dependent; but in a case free from
doubt, the contract can only be enforced as it is made.

There was not the slightest intention on the part of this
court to shake the decision in *Gibson* v. *Newman*, 1 How. 341;
or of *Coleman* v. *Rowe*, 5 How. 160, by the case of *Wadlington*
v. *Hill*.  There is a plain line of demarcation between them.
In the former cases the covenants were regarded as indepen-
dent, and in the latter as dependent.  On this distinction the
cases were respectively decided, and there is no repugnancy or
contradiction between them.  They are all now considered by
us to be sound law, in the particular circumstances of each of
those cases.  Where the covenants are dependant, the plaintiff
must show a compliance, or an offer to comply with his part;
but, where they are independent, no such obligation rests
upon him.

The case of *Standifer* v. *Davis*, 13 S. & M. 52, has not any
direct bearing upon this.  There the money had been paid by
the vendee.  The vendor was bound to make title upon a
given day, by his obligation.  The questions were, whether
the vendee should have prepared a deed, and demanded its
execution before bringing suit.  The court held that it was
the duty of the vendor to prepare the deed, but that when the

vendee is the plaintiff, it is his duty to make demand before bringing his suit.

In the present case, the judgment below was given for the plaintiff, and the same is hereby affirmed.