Eckford and Gates, Plaintiffs in Error, v. Halbert and Strong,
· Defendants in Error.

1. Covenants: mutual and dependent.—The vendor of land, who has given
bond to make good and sufficient title to the vendee, on payment of the pur-
chase-money, cannot maintain a bill for a specific performance of the contract,
until he has put the vendee in default by a tender of a deed; the rule in this
respect is the same in law and equity.

2. Amendment.—In this case the court reversed and remanded the cause, and
granted complainants leave to amend their bill, the writ of error having been sued
out from a final decree of the Vice Chancery Court, in favor of complainants,
rendered upon bill and answer, and demurrer contained in the answer.

In error from the District Chancery Court at Fulton. Hon.
Henry Dickinson, vice chancellor.

The defendants in error, on the 26th of March, 1854, filed their
bill against plaintiffs in error, for a specific performance of a con-
tract for the sale of land. In their bill they allege, that on the 6th
of July, 1849, they contracted with said Eckford and Gates, to
sell them certain lots, in the town of Aberdeen, for $1300. That
they executed "their bond for a good and sufficient title, to be
made on the payment of the purchase-money," and that Eckford
and Gates, gave their note for $1300, due the 1st day of March,
1852, to secure the purchase-money. That they had failed to
pay the same. The bill then prayed that Eckford and Gates be
required in a reasonable time to perform their said contract, by a
payment of the money, and in case of their further default, that
the lots be sold.

The defendants answered, and made their answer a demurrer;
and for cause of demurrer assigned the following:—

1. That the bill does not aver that complainants have a good
title to said lots, or that they are able to make one.

2. That it does not show that complainants ever tendered a
deed to the demurrants, or offered to comply with their part of
the contract.

VOL. I.—18

3. That it is otherwise imperfect and uncertain, and illegal and defective.

The cause was set down for final hearing on bill and answer, and the demurrer; and the chancellor decreed, that unless the defendants pay the purchase-money within thirty days, that the lots be sold by a commissioner to pay the purchase-money. From this decree, the defendants below sued out this writ of error.

*W. F. Dowd,* for plaintiffs in error.

This bill was filed to compel a specific performance of the contract, where lots were sold, notes given for the purchase-money, and a bond executed, conditioned to make " good and sufficient title on the payment of the purchase-money."

1. The demurrer to the bill should have been sustained, because it contains no offer to perform their part of the contract, by the vendors.

The terms of the contract as stated, make a clear case of mutual and dependent covenants. In such a case, neither party can insist on a performance by the other, without a performance or offer to perform on his part. *Johnson* v. *Jackson,* 5 Cushm. 501; *Wadlington* v. *Hill,* 10 S. & M. 560; *Peguis* v. *Mosely,* 7 Ib. 340; *Mobly* v. *Keys,* 13 Ib. 678.

2. The bill is uncertain. It does not state the price, or amount of money for which the land was sold. Story, Equity Pleadings, § 241.

3. The answer denies expressly that the contract, as stated in the bill, was made by them. There is no proof to sustain the allegations of the bill. The only evidence was the note sued on and filed in the papers. The bill should therefore be dismissed in this court without prejudice.

4. The decree is erroneous and void.

There should have been a day fixed in the decree, for the payment of the money into court by the defendants; upon compliance with which, by the vendees, the vendors, Halbert and Strong, should have been decreed to convey the lots to the vendees, Eckford and Gates; and upon failure by the vendors to make

such conveyance, that the same should be made by a commissioner, and the title vested in him for that purpose.

This point is fully settled by this court, and I shall therefore only refer to the case of *Johnson* v. *Jackson*, 5 Cushm. 501, 502.

The bill does not show that any other note was given and is due for the lots. The truth is, another note was *given and paid off,*—the note now sued on being the last payment.

*Davis, Halbert* and *Sims,* for defendants in error, filed no brief.

FISHER, J., delivered the opinion of the court.

This was a bill filed in the Vice Chancery Court at Fulton, to compel a specific performance of a contract for the sale of land.

The appellees, as appears by the allegations of the bill, sold to the appellants a tract of land, and executed their bond, with a covenant to make a good and sufficient title to the vendees on the payment of the purchase-money. The covenants to make title, and to pay the money, are concurrent; and neither party can insist on a performance of the contract, without an offer or tender of performance on his part.

It does not appear by the bill, that the complainants have brought themselves within the operation of this rule, nor do they by their bill offer to perform their covenant. The complainants could not under the same state of facts recover at law, for the manifest reason that no breach of the contract is shown. The rule applies with equal force to proceedings in equity, to subject the land to the payment of the purchase-money. The question is, are the vendees in default in making payment? The answer is, they are not, until a tender of performance by the other party.

Decree reversed, demurrer to bill sustained, leave to complainants to amend their bill, and cause remanded.