## ROBERT PROPHIT v. JAMES M. ROBINSON.

VENDOR AND VENDEE: TIME WHEN ESSENCE OF CONTRACT MAY BE WAIVED BY PAROL: RIGHT OF VENDOR TO RESCIND.—If the vendor decline the offer of the vendee to surrender possession of the land, in accordance with a right secured to the former by the provisions of the title bond, it will be a waiver on his part of the previous default of the vendee in making payment of the purchase-money; and he cannot afterwards insist upon this right without having first demanded payment.

IN error from the Vice-Chancery Court at Hernando. Hon. James F. Trotter, vice-chancellor.

*O. Yerger,* for plaintiff in error,
Cited Chitty on Cont. 111; *Stowell* v. *Robinson,* 3 Bingh. (N. C.) R. 923; *Harvey* v. *Graham,* 5 Ad. & E. 61; *Blood* v. *Goodrich,*

9 Wend. 68; *Keating* v. *Price*, 1 Johns. Cases, 22; Ib. 125; 9 S. & M. 230; Ib. 597; *Gray* v. *Blanchard*, 8 Pick. 292; 23 Miss. R. 538.

*George L. Potter* and *H. W. Walter*, for defendant in error,
Cited *Gates* v. *Stewart*, 30 Miss. R. 100; 2 Story's Eq. §§ 775; *Echols* v. *Butler*, 28 Miss. R. 114.

FISHER, J., delivered the opinion of the court.

This was a bill filed in the Vice-Chancery Court at Hernando, to compel the specific performance of a contract for the sale of land.

The facts are these. Prophit and others sold to the complainant a tract of land for the sum of $500, payable in three equal instalments, and executed their bond, binding themselves to make title on the payment of the last instalment. It was stipulated, among other things in this bond, that, if the purchaser failed to make payment of any one of the notes, the vendors should have the right to take possession of the land.

It appears, from the allegations of the bill, and the testimony in the cause, that, after two of the instalments became due, the complainant, alleging his inability to pay, proposed to Prophit to take possession of the land, which he declined, saying to the complainant that he could remain in possession, &c.

There is nothing tending to show that, after this conversation between the parties, Prophit demanded either payment of the money or a rescission of the contract. It is admitted that the complainant tendered performance by offering payment of the full amount of money due on the contract.

Under this state of the case, we think the decree of the court below is correct. The purchaser could not be placed so far in default as to deprive him of the benefit of his contract, until a demand made for performance by the other party, and no such demand appears ever to have been made. It is not material whether the contract could be varied by parol or not. This is not the question. The vendor having once declined to take back the land, the question is whether he should not, after this refusal, have

demanded performance before the purchaser could be placed in default.

While it is true that time may be regarded in many cases as of the essence of the contract, yet time may be waived either by an express agreement or by the conduct of the parties. The agreement of Prophit in this case to enlarge the time of payment may have been insufficient to produce a change in the contract, so as to bind him not to call for payment within the enlarged time. Yet it was sufficient to waive performance, and was good for this purpose until Prophit notified Robinson to the contrary.

Believing the decree below to be correct, it must be affirmed.