## L. L. KLYCE v. L. G. BROYLES.

VENDOR AND VENDEE: VENDOR IN TITLE-BOND CANNOT SUE WITHOUT A TENDER OF A DEED.—A vendor who has executed a bond, to make title upon the payment of the purchase-money, cannot maintain against the vendee a bill in equity for a specific performance of the contract, or to procure a sale of the land for the payment of the purchase-money, until he has put the vendee in default by a tender of a deed and a demand of payment: an offer in the bill to make a deed and averment of readiness at all times to make it, will not do.

ERROR to the Chancery Court of Tishemingo county.   Hon. Joel M. Acker, chancellor.

*Reynolds* and *Kinyon*, for plaintiff in error.

*Yerger* and *Rucks*, on same side.

*Arnold* and *Hill*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

Plaintiff in error filed his bill in the Chancery Court of Tishemingo county: alleging that on the 16th October, 1855, he sold a tract of land to defendant; that said defendant at the time paid all the purchase-money except the sum of $175, to secure which defendant executed his note under seal, due the 1st January, 1857. And plaintiff in error at the same time executed his bond conditioned to make titles thereto on the full payment of the purchase-money due therefor.   That plaintiff in error has been ready and willing at all times, and still is, to make the said defendant titles, upon the payment of the purchase-money, and praying that the land may be sold to pay the balance due.

To this bill the defendant filed his demurrer, upon the ground

Klyce *v.* Broyles.

that the " complainant had not made or tendered to defendant a deed for the land, and demanded the purchase-money, so as to put the defendant in default before filing said bill."

The demurrer was sustained, and the cause is brought here by writ of error to reverse this judgment.

It is insisted that the allegation, that the complainant is ready and willing, and has been at all times and now is, to make titles upon the payment of the purchase-money, is sufficient under the intimation of the court in *Eckford* v. *Halbut*, 30 Miss. 273.

The rule, as stated in *Eckford* v. *Halbut*, is, that where the covenant is to make title upon the payment of the purchase-money, the covenants are mutual and dependent, and neither party can insist on performance of the contract without an offer or tender of performance on his part.

" The question is," say the court, " are the vendees in default in making payment ? The answer is, *they are not, until a tender of performance by the other party.*" If not in default, of course they are not liable to suit; and hence, in that case, the demurrer to the bill was sustained. .If the court had meant to say that an offer in the bill to perform, or an averment of willingness and readiness to perform, would have been sufficient, the demurrer must have been overruled as in the court below.

The cases are numerous and uniform in this court to this point, and we can but express surprise to see the question again mooted at this late day. See *Prophet* v. *Robinson*, 34 Miss. 141 ; *Arthur* v. *Pearson*, 32 Ib. 131 ; *Hill* v. *Samuel*, 31 Ib. 307 ; *McAlister* v. *Moye*, 30 Ib. 258 ; *Eckford* v. *Gates*, Ib. 273 ; *Walton* v. *Wilson*, Ib. 576; *Johnson* v. *Jones*, 27 Ib. 498; *Hudson* v. *Watson*, 26 Ib. 357 ; *Standifer* v. *Davis*, 13 S. & M. 48 ; *Feemster* v. *May*, Ib. 275; *Mobley* v. *Keys*, Ib. 677; *Wadlington* v. *Hill*, 10 Ib. 560 ; *Liddell* v. *Sims*, 9 Ib. 596, 612 ; *Johnson* v. *Beard*, 7 Ib. 214 ; *Peques* v. *Mosby*, Ib. 340.

If some fifteen cases, uniformly holding the same principle for a series of as many years, do not entitle us to regard a question as settled, then we may never hope to have any question so regarded in this court.

Let the judgment be affirmed.