## ELIZA ROBINSON *v.* M. H. HARBOUR.

1. VENDOR'S LIEN: WHEN ASSIGNEE MAY ENFORCE. — The assignee of the notes given for the purchase of land, when the vendor has given bond conditioned to make title, may proceed in equity to enforce the lien against the land.

Eliza Robinson *v.* M. H. Harbour.

2. COVENANTS, DEPENDENT AND INDEPENDENT: HOW DETERMINED. — Covenants are to be construed to be dependent or independent according to the intention and meaning of the parties; technical words must give way to such intention; they will be construed as dependent, unless a contrary intention appears.

3. SAME: SAME: WHEN INDEPENDENT. — If a day be appointed for the payment of money or part of it, or for the doing of any other act, and the day is to happen or may happen before that which is the consideration of the money or other act, is to be performed, or where no time is fixed for performance of that which is the consideration of the money or other act, an action may be brought for the money or for not doing such other act before performance.

4. SAME: SAME: SAME. — When a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be compensated in damages, an action may be brought for a breach of the covenant without averring performance.

5. SAME: SAME: WHEN DEPENDENT. — When a day is fixed for the payment of money or for doing any other act, and the day is to happen *after* that which is the consideration of the money or other act, is to be performed, no action can be maintained for the money, etc., before performance.

6. SAME: SAME: SAME. — When the acts or covenants of parties are concurrent, and to be done or performed at the same time, the covenants are dependent, and neither party can maintain an action against the other, without averring and proving performance on his part.

7. VENDOR'S LIEN: PURCHASE-MONEY PAYABLE IN INSTALMENTS. — The cases of *Clopton* v. *Bolton*, 33 Miss. 78, and of *McMath* v. *Johnson*, 41 Miss. 439, announce the doctrine, that when the vendee of land executes his notes for the purchase-money payable in instalments, and takes a bond from the vendor conditioned to make title upon the payment of the last instalment, that the covenants are independent; and to this extent they are reversed.

8. SAME: SAME: COVENANTS INDEPENDENT, EXCEPT AS TO LAST INSTALMENT: PERFORMANCE MUST BE AVERRED WHEN ACTION BROUGHT FOR ALL THE INSTALMENTS. — When the vendee of land covenants to pay for the same by instalments, and the vendor covenants to make title upon the payment of the last instalment, the covenants of the vendee to pay the instalments, except the last one, are independent. But the covenants of the vendee to pay the last instalment and of the vendor to make title, are dependent. In an action by the vendor to recover the whole sum, after the last instalment has become due, performance by the vendor must be averred. 13 Pick. 281; 30 Illinois, 328, 332; 3 Harrison, 377; 1 Blackford, 172.

9. SAME: SAME: AVERMENT OF PERFORMANCE. — When performance is a condition precedent to the right of recovery, an averment that the party bringing the action is ready and willing to perform, is not sufficient.

APPEAL from the Chancery Court of Yallobusha county. Hon. Wm. Cothran, chancellor.

*D. E .Thomas*, for appellant, cited *Klyce* v. *Broyles*, 37 Miss. 524, and authorities there cited.

*Walthall & Golladay*, for appellee, cited *McMath* v. *Johnson*, 41 Miss. 439 : *Gilson* v. *Newman*, 1 How. 341 ; *Coleman* v. *Rowe*, 2 ib. 460 ; *Clopton* v. *Bolton*, 23 Miss. 78.

PEYTON, J., delivered the opinion of the court.

In this case it appears that on the 16th day of December, 1859, one John J. Hall bargained and sold to Eliza Robinson certain land, situate in the county of Yallobusha, for the sum of $2440, one half of .which was paid in cash at the time of the sale, and for the other half she executed her promissory note of that date, payable to the order of said Hall on the 1st day of January, 1861 ; and. that the said John J. Hall at the same time executed and delivered to the said Eliza Robinson his bond, conditioned to make her a title to said land when said note . for the balance of the purchase-money was paid, and placed her in possession of the land, which she has retained ever since.

On the 3d day of February, 1860, the said Hall assigned the said note for value to M. H. Harbour, who filed his bill in the Chancery Court of said county of Yallobusha to subject the said land to the payment of the said note.

To this bill the defendant, Eliza Robinson, demurred, on the grounds of the want of equity on the face of the bill, and that the complainant had not made or tendered to her a deed for the land and demanded the purchase-money, so as to put her in default before filing said bill. The demurrer was overruled by the said court, and the appellant brings the case to this court, and assigns for error the action of the court in overruling the defendant's demurrer to the complainant's bill.

There is no doubt that the vendor of land, who has taken the notes of the vendee and given bond, conditioned to convey the title when the purchase-money is paid, can, by an assignment of the notes, pass his lien for the purchase-money, and that the assignee may proceed in equity to subject the land to

the payment of his debt. *Tanner* v. *Hicks*, 4 S. & M. 294, and *Terry* v. *George*, 37 Miss. 539.

The main question presented by the record for our determination is, whether the covenants of the vendor and vendee in this case are dependent or independent covenants? And upon this subject it must be conceded that there has been considerable oscillation of the judicial pendulum, and what is much to be regretted, a great want of uniformity and harmony in the decisions of our own courts.

Knowing the necessity of some certain, intelligible, and correct rules with respect to the construction and character of covenants in agreements, we have given this subject that thorough investigation and mature consideration which its importance demands.

The order of time in which covenants are to be performed is an important consideration in determining whether they are dependent or independent. And the rule seems to be clear and indisputable, that where there are several covenants, which are *independent* of each other, one party may bring an action against the other for breach of his covenants, without averring a performance or tender or offer of performance of the covenants on his part ; and it is no excuse for the defendant to allege in his plea a breach of the covenants on the part of the plaintiff. But where the covenants are *dependent*, it is necessary for the plaintiff to aver and prove a performance, or tender and offer to perform his part of the agreement, and demand performance by the other party of his part of the agreement, to entitle himself to an action for the breach of the covenants on the part of the defendant. The difficulty lies in the application of this rule to the particular case. It is justly observed, that covenants are to be construed to be either dependent or independent of each other, according to the intention and meaning of the parties and the good sense of the case, and technical words should give way to such intention. In order, therefore, to discover that intention, and thereby to learn with some degree of certainty when performance is necessary to be averred in the declaration, and when not, it may not be improper to lay down

a few rules, which will perhaps be found useful for that purpose, as follows: 1. If a day be appointed for payment of money or part of it, or for doing any other act, and the day *is* to happen, or may happen, *before* the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act *before* performance; for it appears that the party relied upon his *remedy*, and did not intend to make the performance a condition precedent: and so it is where *no time* is fixed for performance of that which is the consideration of the money or other act. 2. But when a day is appointed for the payment of money, or for doing any other act, and the day is to happen *after* the thing which is the consideration of the money or other act is to be performed, no action can be maintained for the money, etc., before performance. 3. Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be compensated in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration. 4. Where the acts or covenants of the parties are concurrent, and to be done or performed at the same time, the covenants are dependent, and neither party can maintain an action against the other, without averring and proving performance on his part.

When tested by these rules, it will be found that the broad doctrine laid down by this court in the cases of *Clopton* v. *Bolton*, 23 Miss. 78; *McMath* v. *Johnson*, 41 Miss. 439, and others based upon their authority, cannot be sustained. These cases hold, that where the vendee of land executes his notes to secure the payment of the purchase-money in instalments, and takes a bond from the vendor, conditioned to make title when the last instalment is paid, the covenants are independent, and the vendor may enforce payment without performance or an offer and tender of performance of his part of the agreement. These cases, it is believed, are founded on a mistaken view of the cases of *Gibson* v. *Newman*, 1 How. 341, and *Coleman* v. *Rowe*, 5 How. 460.

In the case of *Gibson* v. *Newman*, the vendee of a lot of ground in the city of Vicksburg, executed his note for $1800, payable in three annual instalments, and the vendor agreed to make him a good title to the lot. But there was *no time* fixed for the making of the title; and for that reason, the covenants of the parties were independent covenants, and were very properly so declared by the court. And the report of the case of *Coleman* v. *Rowe* is very unsatisfactory, as it does not show when the bill was filed — whether on the maturity of the first instalment, or after all the instalments had become due, and seems to have been founded on the case of *Gibson* v. *Newman*, which, as we have shown, does not sustan the doctrine enunciated in the cases of *Clopton* v. *Bolton* and *McMath* v. *Johnson.*

Where the vendee of land covenants to pay for the same by instalments, and the vendor covenants to make him a title when the last instalment is paid, the covenants of the vendee to pay the instalments, except the last one, are independent covenants. But the covenant of the vendee to pay the last instalment and the covenant of the vendor to make title, are dependent covenants; and to entitle either of them to maintain an action gainst the other, he must aver and prove performance or tender or offer of performance of his part of the agreement. The payment of this instalment of the money, and the making of the title, are concurrent acts of the parties, to be done or performed at the same time, and are therefore dependent covenants. This rule is sustained by reason and authority, and accords with the justice of the case and the intention of the parties.

Suppose the whole of the purchase-money had been payable at once, instead of being payable by instalments, and the stipulation had been to pay three thousand dollars in twelve months, the deed to be executed at the payment: upon this statement of the question, is there a doubt that the agreements would have been mutually dependent and conditional? And what difference is there, whether the final payment is the whole or part? Where the whole of the purchase-money is to be paid at once, and the deed is then to be given, the covenants

are held to be dependent, because it is unreasonable to presume that the purchaser intended to pay the whole consideration, without having the equivalent, in a title to the land purchased. The same reason applies to the last instalment. An obvious reason why the prior instalments should be paid without having a deed, is, that the vendor was to withhold the title, as a security for the purchase-money, and the vendee was content to rely on the vendor's contract for his future title; but no such reason applies to the final and complete payment of the purchase-money. Whether we consider the particular language, or the general intent of the parties, the covenants between them were mutually dependent and conditional, and the vendor cannot recover without averring performance or an offer to perform on his part. *Kane* v. *Hood*, 13 Pick, 281; *Kunkle* v. *Johnson*, 30 Illinois, 328, 332.

This court has repeatedly decided that the vendor of land, who has given bond to make title to the vendee on payment of the purchase-money, cannot maintain a bill for the specific performance of the contract until he has put the vendee in default by a tender of a deed. The covenants to make title and to pay the money, are concurrent, mutual, and dependent; and neither party can insist on a performance of the contract, without an offer or tender of performance on his part: and this rule applies with equal force in law and equity. *Mobley* v. *Keys*, 138, and M. 677; *Eckford* v. *Halbert*, 30 Miss. 273; *Klyce* v. *Broyles*, 37 Miss. 524; and *McAlister* v. *Moye*, ib. 258.

Courts will construe covenants to be dependent, unless a contrary intention clearly appears. A party shall not be forced to pay out his money, unless he can get that for which he stipulated. *Stockton* v. *George*, 7 How. 172; *Peques* v. *Mosby*, 7 S. M. 340, 347; *Wadlington* v. *Hill*, 10 S. & M. 560; *Bank of Columbia* v. *Haguer*, 1 Peters, 455, and 2 Wedell, 297.

The cases of *Leftwich* v. *Coleman*, 3 How. 167, and *Rector* v. *Price*, ib. 321, referred to in *McMath* v. *Johnson*, do not support the doctrine laid down in that case. Upon reference to them, it will be found they were both cases of independent covenants. In the first case, a note was given for land, payable

on a day fixed, and *before the time* the deed to the land was to be executed; and in the other case, there was *no time* fixed for procuring the deed, which was the consideration of the note sued on in that case.

The case of *McMath* v. *Johnson* was correctly decided upon the facts of the case. But it lays down a doctrine to which we cannot give our assent, and relies upon the case of *Clopton* v. *Bolton* as an authority conclusive to show that the covenants of an agreement are all independent, where the conveyance is to be made upon the payment of the last instalment of the purchase-money. In that case, the court say: "On the one part, there were instruments for the payment of the purchase-money at several different periods; on the other, an obligation to make title upon full payment of the purchase-money. Suppose the suit had been brought as soon as the first instalment fell due — would it be contended that the plaintiff should make a deed before he could recover that instalment, in the face of his obli gation to make title when all the money was paid? Clearly not. This shows beyond doubt, that the covenants were intended to be independent." With all due respect, we think this is a *non-sequitur*,— a conclusion not warranted by the premises. The fact that some of the covenants in an agreement are indepen dent, does not necessarily render others so. *Grant* v. *Johnson*, 1 Selden, 247, and *Babcock* v. *Wilson*, 5 Shep. 372.

The case of *Clopton* v. *Bolton* was an action on two writings obligatory, payable twelve and twenty-four months after date, given for the purchase of a tract of land. The defendant pleaded that fact, and that the plaintiff, at the time of the contract, exe cuted a bond to make title when the purchase-money should be paid; and that the plaintiff did not, before the bringing of the suit, tender a deed to the defendant for the land. The court decided that the covenants were independent, and that the failure to tender the deed constituted no bar to the action.

It has been held that a covenant to pay a certain sum of money, one half on a certain day, and the other half on a cer tain subsequent day, at which time the covenantee was to exe cute and deliver a deed, so far as respects the first payment,

is independent, but as to the other, is dependent; and in an action thereon, the tender of the deed must be averred. So in a declaration for the whole sum, after both instalments have become due. *Biddle* v. *Corgell*, 3 Harrison, 377, and *Leonard* v. *Bates*, 1 Blackford, 172.

In contracts where either party might be compelled to part with his money or his property, without receiving the stipulated equivalent, the latest and best action of the courts has been to hold that the party seeking to enforce the contract must make his own part of the agreement precedent, and allege either a performance or a tender and refusal. *Wadlington* v. *Hill*, 10 S. M. 562. And a mere offer to make a deed and averment of readiness at all times to make it, will not do. *Klyce* v. *Broyles*, 37 Miss. 524.

This principle applies in all cases to the last instalment where the vendee gives the vendor his notes to secure the payment of the purchase-money, payable at different times, and takes from the vendor a bond for title when the money or last instalment is paid. For it is not to be presumed that the vendee intended to pay his money without receiving the stipulated equivalent in a title to the land purchased, nor that the vendor intended to part with the title to the land sold, without receiving the money. The conveyance and the last payment were intended to be simultaneous acts.

We have arrived at the conclusion, that, in this case, the covenants between the assignor of the appellee and the appellant, were dependent covenants, and that the appellee could not maintain his bill without averring and proving a performance of the covenant on the part of the vendor, or tender or offer to perform, before the filing of the bill. The averment in the bill that the assignor of the note is ready and willing to execute a deed on payment of the purchase-money, is not sufficient to sustain it. And for this reason, we think the court below erred in overruling the demurrer to the bill.

Shackelford, C.J., dissenting, declines to write a dissenting opinion, but refers to the case of *Bowen* v. *Bailey*, for his views on the question decided in this opinion. The decree must be reversed, the demurrer sustained, and the bill dismissed.