JAMES H. WATSON *v.* R. P. SAWYERS ET AL.

1. VENDOR AND VENDEE.  *Title bond.  Deed.  Tender, when unnecessary.*
In a contract for the sale of land, evidenced by title bond, the obligation to tender a deed is excused, where the vendee is beyond the jurisdiction; and a bill by the vendor for specific performance, in such case, tendering a deed but alleging no tender before suit, is not demurrable.

2. SAME.  *Taxes.  Who liable.*
As the vendor, in such case, holds the legal title only as trustee for the vendee and as a security for the purchase-money, the beneficial interest being in the vendee, the latter, in the absence of special stipulation or exceptional circumstances, is liable for the taxes on the land.

3. CHANCERY.  *Pleading.  Demurrer.  Answer.*
Where the bill alleges that the vendee, in such a case, has allowed the land to become forfeited for taxes, if there is an undisclosed stipulation or circumstance which shifts the liability for taxes from the vendee to the vendor, the question cannot be raised by demurrer to the bill, but must be set up in the answer.

4. VENDOR AND VENDEE.  *Taxes.  Case in judgment.*
The bill alleged that the vendee in a contract for the sale of land by title bond having allowed the land to be forfeited for taxes, the ven-

dor had been compelled to purchase it from the State in order to enforce his claim for the purchase-money, and prayed that the defendant's equity be subjected to a repayment of the sum so expended. The defendant demurred, on the ground that the complainant, being owner of the legal title, was liable for the taxes. *Held*, that the demurrer was rightly overruled.

APPEAL from the Chancery Court of Alcorn County.

Hon. C. CULLENS, Chancellor.

*Whitfield & Young*, for the appellant.

1. A vendor is not bound to go out of one State in the Union to another State, in pursuit of his vendee, to make tender of a deed and demand the purchase-money of him, before he can file his bill for specific performance of a mutual and dependent contract for the sale and purchase of land. *Lewis* v. *Hawkins*, 23 Wall. 119, 127; Co. Litt. 210; *Smith* v. *Smith*, 25 Wend. 405; *Howard* v. *Miner*, 20 Maine, 325; 9 Bac. Abr. 320; 5 Vin. Abr. 356, 357; 2 Parsons on Contracts, 650, note *i;* *Bradstreet* v. *Clark*, 21 Pick. 389, 394; 2 Parsons on Bills and Notes, 628, note *f;* Hilliard on Vendors, 31, § 21; *Christian* v. *Nixon*, 11 Ired. 1; *Kimbrough* v. *Curtis*, 50 Miss. 117.

2. The complainant is entitled to recover in this action the amount paid out by him in redeeming the land. *Bradford* v. *Bank of Tennessee*, 13 How. (U. S.) 57, 64.

*Curlee & Stanley*, for the appellees.

1. A vendor, seeking the aid of a court of equity to compel his vendee to specifically perform a contract for the sale of lands, must, before filing his bill, offer to do equity by tendering a good deed to his vendee. 1 Story Eq. Jur. § 64; *Stewart* v. *Raymond Railroad*, 7 S. & M. 575; *M'Allister* v. *Moye*, 30 Miss. 258; 1 Blackf. 172; 3 Harrison, 377; 30 Ill. 328; 13 Pick. 281; 37 Miss. 524; 50 Miss. 118.

2. There is nothing in the pleadings to show who should pay the taxes. Any title which the vendor may acquire, after he has covenanted to convey the land, inures to the benefit of the vendee. 26 Miss. 599; 14 Johns. 193; 3 Barb. Ch. 568; 1 Cowen, 613; 37 Miss. 568.

CHALMERS, J., delivered the opinion of the court.

A bill for specific performance of a contract of sale of land,

evidenced by title bond, was demurred to, because there had been no previous tender of a deed. The defendants were non-residents, and a deed was filed and tendered with the bill. This, we think, was sufficient. It is well settled that an obligation to tender money or any merchantable commodity is excused where the party to whom it is to be made is beyond the jurisdiction. We see no reason why the principle should not apply to the tender of a deed. Co. Litt. 210 ; 2 Parsons on Contracts, 650 ; *Howard* v. *Miner*, 20 Maine, 325.

The bill alleged that the defendants had allowed the land to become forfeited to the State for taxes, and that the complainant had been forced to buy it from the State in order to enforce his claim for the purchase-money ; and it therefore prayed that the defendants' equity be subjected to a repayment of the sum so expended. This was demurred to, on the ground that the complainant, being the owner of the legal title, was liable for the taxes.

The vendor by title bond holds the legal title only as trustee for the vendee and as a security for the purchase-money, while the beneficial interest vests in the vendee. The latter, therefore, in the absence of some special stipulation or exceptional circumstances, is liable for the taxes. *Bradford* v. *Bank of Tennessee*, 13 How. (U. S.) 57, 64. If there were such stipulation or circumstances in the case at bar, they must be set up by answer.

*Decree reversed and demurrer overruled.*