Statement of the case.

JAMES H. NOLAN, ADM'R, v. GEO. R. SNODGRASS.

CHANCERY COURT. *Specific performance. Contract to convey. Limitation. Doing equity.*

Although defendants, whose ancestor contracted to convey land upon payment of the contract price, are barred by lapse of time from recovering either the land or the price from the purchaser, who entered under his contract, the representative of such purchaser, who relies on the bar of the statute of limitations, cannot invoke the aid of equity to cancel defendant's claim to the land, unless he offers to pay the balance of the purchase-money and interest. Such a suit, though in form one to cancel clouds, is one for specific performance, which will not be decreed unless complainant offers to perform his part of the contract.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

The lands in controversy were originally owned by William Gartley, who died in 1856, leaving the following children: William F., Margaret G., Lilla, Julia and Eugene Gartley, and two grandchildren, William G. and Mary J. Snodgrass, children of a deceased daughter, Mary F. Gartley, who had married Geo. R. Snodgrass. It is unnecessary, in view of the opinion, to consider the interest of any of the heirs except that of Margaret G. Gartley and that of William G. and Mary G. Snodgrass, who jointly inherited the one-sixth interest of Mary F. Gartley, their mother, subject, however, to the tenancy by the curtesy of their father, Geo. R. Snodgrass, who is still living.

Geo. R. Snodgrass, after the death of his first wife, married Margaret J. Gartley, her sister, and on April 5, 1885, they jointly sold to William F. Gartley their one-sixth interest in the land. This sale is evidenced only by a receipt, which is as follows:

"ST. JOSEPH, LA., January 29, 1859.

"Received of William F. Gartley the sum of $4,000, by sight-draft on Messrs. Lewis & Oglesby, of New Orleans,

La., for amount $3,607.40, and $392.60 cash, in part payment for the undivided interest in that certain tract of land known as the 'Plainville Plantation,' situated in the county of Yazoo, and state of Mississippi, belonging to Margaret G. Gartley, wife of Geo. R. Snodgrass, and William G. and Mary Julia Snodgrass, children of Mary F. Gartley, deceased, former wife of Geo. R. Snodgrass, all of whom are legal heirs to the estate of William Gartley, deceased, late of Yazoo county, Mississippi; said sum of $4,000 being paid for said undivided interest in said land at the rate of $10 per acre, the balance to be paid in one year from date of this receipt."

It appears that in 1860 Geo. R. Snodgrass became the guardian of his said children, and, as such, obtained a decree to sell their interest in the land, and did sell it to William F. Gartley, and the sale was confirmed, but no deed was ever executed.

Margaret, the second wife of Geo. R. Snodgrass, died in 1866, leaving, as her heirs, three children—Owen, Estelle A. and Norah B. Snodgrass—who, at the time the bill in this case was filed, were aged, respectively, thirty-five, thirty-one and twenty-nine years. It will thus be seen that they jointly inherited the one-sixth interest of their mother, subject to the tenancy by the curtesy of their father, Geo. R. Snodgrass.

William F. Gartley entered into possession under his contract of purchase aforesaid, and remained in possession until his death, which occurred in 1890. Meantime, in 1872, partition was had of all the lands, and the interest claimed by William F. Gartley was set apart to him; but in this proceeding the above-mentioned children of Margaret G. Snodgrass, namely, Owen, Estelle A. and Norah B., were not made parties, and their interest in the land was not recognized. J. H. Nolan was appointed administrator of the estate of William F. Gartley, and, in the course of his administration, obtained a decree for the sale of the lands of the estate, to pay debts. This bill is filed by said administrator

against Geo. R. Snodgrass, Owen, Estelle A. and Norah B. Snodgrass, and William G. Snodgrass and Mary J. Wilson, *nee* Snodgrass, the children and heirs of Mary G. Gartley, seeking to cancel their claims to the lands of William F. Gartley. The bill alleges that the whole of the purchase-money due by William F. Gartley, the intestate, for the lands purchased by him from Margaret G. and Geo. R. Snodgrass, as evidenced by the foregoing receipt, had either been paid or the balance due was barred by limitation; that defendants had acquiesced in the possession of the land set apart to him in the partition proceedings, and that such possession had been adverse and continuous ever since the execution of the receipt in 1859. The bill alleges that therefore the title of William F. Gartley had become perfect, and that the claim of defendants was a cloud upon his title. This statement of the facts is sufficient to illustrate the only point passed on in the opinion of the court.

A decree *pro confesso* was taken against the heirs of Mary F. Snodgrass, the first wife of George R. Snodgrass. The other defendants answered, and, on final hearing, the court rendered a decree in favor of complainants, canceling the title of the defendants, except Owen, Estelle A. and Norah B., heirs of Margaret G. Snodgrass. It was decreed that they were entitled to a one-sixth interest in all the lands in controversy as heirs of their said mother, subject only to the life-estate of George R. Snodgrass, their father. From this decree Nolan, administrator of William F. Gartley, appeals.

*R. Bowman, Sr.,* for appellant.

Margaret Snodgrass, jointly with her husband, sued for the contract price of the land. Specific performance will be decreed as to part of a contract, although there is no mutuality of remedy. Here there was mutuality of remedy; as the vendors of the land failed to sue for the price, it was their own laches. It is not denied that Gartley has been in open, adverse possession ever since his purchase, and it is not de-

nied that appellees had notice of his adverse holding. They are estopped to assert title. *Dickson* v. *Green*, 24 Miss., 612.

Long possession of land raises a presumption of right, and is favored in courts. *Railroad Co.* v. *Bryan*, 8 Smed. & M., 234; *Nixon* v. *Carco*, 28 Miss., 414; *Railroad Co.* v. *Ragsdale*, 54 *Ib.*, 200.

*Calhoon & Green*, on the same side.

We submit that a reversal is unavoidable, since the court decreed for appellees that they had an undivided one-sixth interest in the land, without requiring them to account for or disgorge the $4,000 paid to their ancestors as part of the purchase-price. They should refund this or set it up as a claim against the estate, or ask to charge it as a lien on their interest in the land. They cannot keep the title always clouded by claiming the land and also holding the money. If appellees' mother had any right, it was, at most, to refund and rescind, or tender a deed and ask appellees for the unpaid balance of the price. *Ezelle* v. *Parker*, 41 Miss., 520; *Ferguson* v. *Bobo*, 54 *Ib.*, 121.

*Barnett & Thompson*, for appellees.

William F. Gartley could not acquire title against appellees by lapse of time. He was a vendee in possession before completing payment of the purchase-money. Under such circumstances, the statute of limitations does not run against the vendor. *Benson* v. *Stewart*, 30 Miss., 49.

COOPER, J., delivered the opinion of the court.

In effect, though not in form, this is a bill for the specific performance of a contract made by Mrs. Snodgrass to convey the title of the lands in controversy to appellant's intestate, without requiring payment of an unpaid part of the purchase-price. The complainant, it is true, does not ask to have the title conveyed by a deed, but he prays the cancellation of whatever claim may be asserted by her heirs at law,

as a cloud upon his intestate's title, the effect of which would be to invest their title, if any they have, in him. His claim is that the debt for the purchase-price is barred by limitation, wherefore, the title should be vested as though actual payment had been made.

For the purposes of considering this appeal, it may be conceded that Mrs. Snodgrass made a sufficient contract to convey the land, and that, by lapse of time, her heirs were precluded from recovering either the land or the purchase-price. If all this be conceded, it remains true that appellant could not invoke the interposition of a court of chancery without an offer to pay the unpaid purchase-money and interest, according to the contract of his intestate. There is no averment that the price has been in fact paid. The reliance of appellant is upon the fact that all remedy for the collection of the debt is barred by limitation, and that the bar of the statute is equivalent to payment. This position was denied in *Cook* v. *Reynolds*, 58 Miss., 244, in which case, the court, through Judge Campbell, said: " But, if the note was barred, that would not entitle the maker to a specific performance of the obligation to convey title on payment of the note. The bar of the statute of limitations is not payment. It is a defense against a demand for payment—an extinguishment of the right of action—but no lapse of time is an excuse for the non-performance of a condition precedent to the accrual of a right to call for performance by another of an act to be done on the performance of such condition."

*The decree is affirmed.*