## MORTON *v.* VARNADO.

[90 South. 77. No. 220?0.]

SPECIFIC PERFORMANCE. *Purchaser under option may not have specific per-*
*formance without acceptance and tender of price, which may be made*
*with complaint if vendor is beyond the jurisdiction.*

The vendee under an optional contract for the sale of lands cannot main-
tain a bill for specific performance of the contract until he has put
the vendor in default by an acceptance and a tender of the purchase
money, and, where the vendor is beyond the jurisdiction and there
has been no tender prior to filing the bill, the vendee must tender the
purchase money with his bill of complaint.

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Bill for specific performance by A. T. Morton against
Mrs. Mamie Varnado. From a decree dismissing the bill,
plaintiff appeals. Affirmed and remanded to assess dam-
ages for use, occupation, and waste.

*E. J. Simmons,* for appellant.

It is plain that the contract in controversy here was not
only upon proper consideration but was valid and binding
on Mrs. Varnado, and was not as the court held revocable
at the discretion of either party. I submit that the ac-
ceptance by the appellant Morton, transmitted in due
course of mail, within the time limited by the option, con-
verted the option into an ordinary contract of sale and
purchase enforceable by either vendor or vendee. 36 Cyc.
625, 26 A. & E. Enc. of Law (2 Ed.), page 30; *Curtis* v.
*Blair,* 26 Miss. 309; *Robertson* v. *Cloud,* 47 Miss. 208,
where the court through SIMRALL, J., said: "In such cases,
the writing and mailing promptly of a response accepting
the offer, concludes the contract. The *aggregatio mentium*
has occurred. The parties have both assented to the bar-

gain. The acceptance by the one of the terms proposed by the other, transmitted by due course of mail, closed the contract from the time of the acceptance." *Marqueze* v. *Caldwell,* 48 Miss. 23; *Lee* v. *Newman,* 55 Miss. 372; *Thurman* v. *Pointer,* 67 Miss. 297; *Atkinson* v. *Whitney,* 67 Miss. 655; *Wilbourne* v. *Bishop,* 62 Miss. 341, and attention is called to the holding of this court in the *Wilbourne-Bishop case, supra.* That when obligor repudiates the contract and denies the right of the obligee under it, the latter is not required to tender the purchase money before bringing his suit to enforce the contract, but it is sufficient, if his bill contains an offer to pay the amount, which may be found is due obligor, and especially is this true where such amount cannot be fully ascertained till certain facts only known to the defendant have been disclosed.

I submit that the failure of the appellee to answer Mr. Brock's courteous letter or to let him know how she wished the business handled; the fact that she remained away from home without letting her family know her street address and the failure of the postal authorities to locate her, the fact that she came to Pike county, Mississippi, immediately after the expiration of the lease, neglecting to stop at Magnolia, are not explained by her contention, that she wrote Mr. Morton, the appellant, thus ignoring Mr. Brock, informing him that they did not accompany the deed with the money and that when they sent her the money to New Orleans or to the Hibernia Bank there, she would sign the deed, but not before, manifestly, in view of the mortgage, which stood against the property uncanceled, and in view of the fact that she alone knew what had been paid thereon and the amount then due, when considered in the light of the fact that she had solemnly engaged to make a deed of general warranty to the property, her attitude, under her own contention, was tantamount to an express repudiation of her solemn contract and unjustifiable disregard of her admitted obligation. Nor does such an answer to the equitable demand of appellant that appellee comply and offer performance on her part, give

room for the operation of judicial discretion for the contract being valid and upon a sufficient consideration, nothing remains for the court except to enforce the contract according to its terms. *R. R. Co. v. Ry. Co.,* 83 Miss. 768-1. (Opinion) and see the well-considered case of *Ullsperger* v. *Meyer,* 2 L. R. A. (N. S.) 22, 75 N. E. 482; *Smith* v. *Bangham,* 28 L. R. A. (N. S.) 522.

2. Surely Mr. Morton was under no duty to follow Mrs. Varnado into Louisiana and there tender her the money and the entire consideration of the contract before the cloud on the property is removed and demand a deed to the property. 36 Cyc. 706, (par. 3) and authorities there cited. To the same effect is the continuous current of judicial decisions in Mississippi. *Watson* v. *Sawyer,* 54 Miss. 64, where CHALMERS, J., says: "It is well settled that an obligation to tender money or any merchantable commodity is excused where the party to whom it is to be made is beyond the jurisdiction. Citing Co. Ltt. 210; 2 Parsons on Contract, 650; *Howard* v. *Miller,* 20 Maine, 325, and see *Peevey* v. *Haughton,* 72 Miss. 918; *Wilbourne* v. *Bishop,* 62 Miss. 341, and 38 Cyc. 134 "C." Attention is also called to the reasoning of the court in the case of *Rockland-Rockport Lime Company* v. *Meary, et als.* Ann. Cas. 1913B, 62, 97 N. E. 43, 203 N. Y. 469.

Conclusion. I submit, therefore, that in no just view of the case does the decree dismissing the bill find support. On the contrary a decree should be entered here in accordance with the prayer of appellant's bill.

*J. H. Price* and *R. S. Stewart,* for appellee.

The brief and argument of counsel for appellant is based wholly upon the assumption that the appellant had fully complied with the terms of his contract and that the appellee had repudiated her contract, thereby placing herself in default, and rendering further compliance or tender of compliance on the part of the appellant unnecessary, and upon this assumption he cites several authorities, all

of which however are applicable to a state case made only by his assumption and conclusions, but not by the record of the evidence in this ·case. The entire record shows conclusively that the only tender or offer of compliance made by the appellant was made by the letters and under the circumstances and conditions detailed in the above statement of facts, and we respectfully submit, that the cases cited in support of the contention that the contract was a completed irrevocable contract are not applicable to the case at bar for the reason that no acceptance of the contract of the offer to sell, is shown by the evidence. Among other cases cited counsel cites: *Blair* v. *Curtis,* 26 Miss. 309; *Robertson* v. *Cloud,* 47 Miss. 208; *Smith* v. *Cauthen,* 98 Miss. 746.

But we submit that these very cases upon the record of the evidence in this case evince and demonstrates that the chancellor was eminently correct in holding that the bill for specific performance could not be maintained. In quoting from *Blair* v. *Curtis et al., supra,* we call the court's attention to the following language: "It follows from the foregoing, that whatever the rule might be in regard to a regular and binding contract, we must hold that in connection with a naked option or offer to sell, even though the same be in writing, under circumstances like those here presented a full and proper tender to the vendor of the purchase price or other considerations in accordance with the terms of the instrument is an essential condition precedent to a suit for specific performance. And in the case of *Smith* v. *Authen, supra,* the court said: "Where the consideration for an option contract to convey to any purchaser procured by an agent is the performance of certain acts by the agent, the promise to convey is not binding until such acts are performed." We submit, therefore, that the court under the evidence in the instant case was correct in rendering the decree dismissing the bill of complaint, because the considerations or conditions were not met or complied with by the appellant.

The counsel realizes that this is the very point upon which his bill for specific performance failed, and realizing that the appellant must, before he can prevail, justify his failure or tender performance of the contract in some manner, urges that tender was not necessary because the appellee, Mrs. Varnado, was without the jurisdiction of the state and cites in support of this contention: *Watson* v. *Sawyer*, 54 Miss. 64, and 78 Miss. 918. It was held in the *Watson* v. *Sawyer* case, that a person is excused from making a tender where the parties to which the tender was made was out of the state, but in that case the vendor seeking specific performance against the vendee tendered with his bill a deed as he had contracted to do and the court held that this was sufficient in view of the fact that the other party was out of the state, but we submit that although the appellant under this case might have been excused from making a tender before suit yet with his bill for specific performance he must have tendered compliance with the contract and paid into court the purchase price of two thousand three hundred and twenty dollars.

The record shows that this was not done, and shows at best that all the appellant did toward offering the cash with his bill was to state therein that he was willing and ready to perform his part of the contract and had always been and offered to do so filing some days after his bill was filed, a check upon which was written the word "certified," but was not signed by any person and Mr. Brisbane, the assistant cashier testified that the reason the check was not properly certified to was because the appellant had asked him not to certify to the same or charge the same up to appellant's account, and this fact alone takes the instant case out of the rule announced in *Watson* v. *Sawyer, supra.*

We submit further that this case, if not expressly overruled, was by necessary implication overruled in the recent case of *Philip* v. *Dana,* 121 Miss. 697, in which Judge ETHRIDGE said: "And had a right to have these delivered to her at her place of residence, and if this was not done the complainant was not entitled to relief prayed for. In this case

last referred to the case of *Robinson* v. *Weller*, 81 Ga. 704, 2 S. E. 447, is cited with approval and in that case Mrs. Weller who lived in Chattanooga, Tenn., offered property for sale in Rome, Ga., and offered it for cash, but the purchaser having accepted the offer made by her requested that she execute deeds and return to bank at Rome, Ga., and the purchase price would be paid and declining to do this Robinson brought suit for specific performance and the court held that although Mrs. Weller lived without the state, the unlimited term cash was meant, that the purchase price was to be paid at her residence or place of business and she was under no obligations to accept it at any other point or place.

We therefore submit that the appellant cannot excuse himself for failing to tender compliance by offering the cash on the ground that the appellee was not of the state, and we further submit that the mere unsupported statement in the bill of complaint to the effect that he is willing and ready to comply, but does not tender the cash can by any stretch of imagination or possible interpretation of the law be held to be a tender sufficient to comply with and satisfy the offer to sell as set out in the instrument sued upon.

COOK, J., delivered the opinion of the court.

The appellant, A. T. Morton, by bill in chancery seeks the specific performance of an optional contract for the sale of certain lands to him by appellee, and from a decree dismissing the bill this appeal was prosecuted.

It appears from the record that appellee was the owner of a certain house and lot in the town of Magnolia, and on the 12th day of December, 1918, she leased this property to appellant for the period beginning January 1, 1919, and ending December 31, 1919, at and for an annual rental of one hundred and eighty dollars. The year's rent was paid in one sum, and appellee executed a certain instrument of writing in favor of appellant in the form of a receipt for

127 Miss.—22

this rent and containing a further stipulation or agree-
ment that, if appellant should decide to purchase the prop-
erty at any time during the rental period, he might do so
at and for the sum of two thousand five hundred dollars,
and in that case the sum of one hundred and eighty dollars
paid as rent would be applied as part payment of the pur-
chase price, and that upon the payment of the balance of
two thousand three hundred and twenty dollars appellee
would execute her warranty deed conveying the property
to appellant.

Prior to the execution of this agreement appellee was
employed by the Magnolia Bank, but shortly thereafter she
removed to New Orleans and there secured employment
with the Carrollton Feed Company where she continued to
work until on or about December 1, 1919. During all of
the year 1919 she resided at the same address in New Or-
leans, and during that time she was in frequent communi-
cation with the Magnolia Bank and with W. L. Brock, her
agent in Magnolia. It is also in evidence that she wrote
one letter to appellant in reference to the option, but this
letter was not answered. On December 1, 1919, at the in-
stance and request of appellant, W. L. Brock prepared a
deed conveying the property and inclosed it with a letter
to appellee advising her that appellant had decided to ex-
ercise his option to purchase the property, and requesting
her to execute the deed and return to Brock, or to the Mag-
nolia Bank with instruction to deliver it to the wife of ap-
pellant upon the payment of the balance of two thousand
three hundred and twenty dollars. This letter was re-
ceived by appellee, but she did not execute and return the
deed as directed. Appellee testifies that on December 14th
she mailed a letter to appellant advising him that she had
received the deed, but had not signed it for the reason that
no money was sent with the deed, and that, when the
money was sent to her or to the Hibernia Bank of New
Orleans, she would execute and deliver the deed. Appellant
testified that he did not receive such a letter. Appellant
testified that between the 20th and 31st of December, by

letter addressed in care of the Carrollton Feed Company, by a personal visit, and by telephone, he made repeated efforts to locate appellee in New Orleans, but at no time did he make any inquiry at her residence address, where she testifies she was during this entire time. On the night of December 31st, or the morning of January 1, 1920, appellee came to the home of a relative near Magnolia, and on the same day appellant filed his bill of complaint.

The bill contains a recital that complainant brings into court and tenders to defendant the sum of two thousand three hundred and twenty dollars, the balance of the purchase price, but there was no tender of any money with the bill. Fifteen days after the bill was filed complainant filed with the clerk of the court his personal check for two thousand three hundred and twenty dollars, but at no time was any money tendered into court. Under the authority of *Watson* v. *Sawyers*, 54 Miss. 64, appellant seeks to justify his failure to tender the money on the ground that, since the appellee was beyond the jurisdiction, the obligation to tender the money was excused, but since no tender had been made prior to the filing of the bill, it was all the more necessary that the money should be tendered into court with the bill of complaint, and, since there was never any tender of the money, the decree of the court below denying the relief sought and dismissing the bill was correct. *McAllister* v. *Moye*, 30 Miss. 258; *Eckford* v. *Halbert*, 30 Miss. 273; *Klyce* v. *Broyles*, 37 Miss. 524; *Mhoon* v. *Wilkerson*, 47 Miss. 633; *Nolan* v. *Snodgrass*, 70 Miss. 794, 12 So. 583; *Collier* v. *White*, 67 Miss. 133, 6 So. 618; *Philp* v. *Dana*, 121 Miss. 697, 83 So. 745.

Affirmed and remanded to assess the damages for use, occupation, and waste.                                 •

*Affirmed and remanded.*