SOUTHERN FOREST LAND CO. *v.* AMITE COUNTY.

(Division A.   May 25, 1936.)

[168 So. 286.   No. 32277.]

Fred A. Anderson, Jr., of Gloster, for appellant.

J. T. Lowrey, of Gloster, and **W. W. Pierce,** Assistant Attorney-General, for appellee.

Smith, C. J., delivered the opinion of the court.

In 1935, the appellant was assessed with a large body of land in Amite county. It filed a petition with the board of supervisors under section 3191, Code 1930, to be relieved of the assessment, alleging that the land on the first day of January, 1935, and thereafter, was not owned by it, but was owned by the United States, the property of which is exempt from taxation. The board declined to do this, and its order was affirmed by the court below.

The evidence discloses that on the 1st day of September, 1934, the appellant, which then owned the land, executed a written option to the Secretary of Agriculture of the United States, by which it agreed to sell the land to the Secretary of Agriculture for governmental purposes for four dollars and seventy-five cents an acre, provided the offer was accepted on or before December 31, 1934. This offer was accepted on November 23, 1934, by a letter setting forth that: "The Forest Service of the Department of Agriculture will proceed to definitely establish the boundaries and accurately ascertain the acreage of your tract. Immediately thereafter title examination will be made by the Office of the Solicitor of the Department. Payment will be made upon approval

of your title by the Attorney-General of the United States, in accordance with the requirements of the Weeks Law, Act of March 1, 1911 (36 Stat. 961). You will be promptly informed at such time as further action on your part is required." Section 8 of the statute (16 U. S. C. A., sec. 517) therein referred to provides that: "The Secretary of Agriculture may do all things necessary to secure the safe title in the United States to the lands to be acquired under this Act [sections 513 to 519 and 521 of this title], but no payment shall be made for any such lands until the title shall be satisfactory to the Attorney-General and shall be vested in the United States." The title to this land had not been approved by the Attorney-General on the 1st day of January, 1935; but some months thereafter the title to a portion of it was approved, and a deed to that portion was executed by the appellant.

The option executed by the appellant provides: "That pending vesting of title to said lands in the United States, the United States, if electing so to do, shall upon the acceptance of this option or an agreement of purchase, or at any time during the life of the option or agreement, use, occupy, and administer, for the purpose of national forests or the establishment of national forests, any or all the lands herein described without charge and subject only to the limitations and restrictions herein provided." Immediately after the acceptance of the option, and prior to January 1, 1935, the government, through its proper executive officers, entered into the possession of the land, and began, and continues, to use it for governmental purposes.

The appellant says that the government was in possession of the land, as vendee, and was the equitable owner of all beneficial interest therein, and that such a vendee of land in possession thereof, and not the vendor, is liable for the taxes thereon. This may be, and we shall assume would be, true, though no deed has been executed, where the vendee accepts the vendor's offer for

the sale of the land, enters into possession thereof, and nothing remains to be done by him except to pay the purchase money. Watson v. Sawyers et al., 54 Miss. 64. In that case, however, it was said that the vendee would be liable for taxes "in the absence of special stipulation or exceptional circumstances." The circumstances here which take this case out of that rule are that the government by entering into possession of the land did not become thereby obligated to accept and pay for it; for unless and until the title thereto should appear to be satisfactory to the Attorney-General, the government was under no obligation to accept a conveyance of the land to it. The government's possession here was not because it owned the equitable title to the land, but was merely by the permission of the vendor pending its acceptance of a conveyance thereof. Though the government was in possession of the land under this agreement, nevertheless it had assumed no obligation as owner thereof, and it might never become such. Cf. Sexton v. Coahoma County, 86 Miss. 380, 38 So. 636.

Affirmed.