47 633
71 607

## J. J. MHOON v. J. W. WILKERSON, Ex'r, etc.

1. EQUITY—SPECIFIC PERFORMANCE—PARTIES—PRACTICE.—If a vendee should proceed against his vendor, or, in case of his death, against his heirs and executor, for the enforcement of the vendor's contract to convey, the vendee should tender the remaining balance of the purchase money which may be due.  So, if the vendee proceed for a balance of the purchase money, he should offer the deed.  The obligations, in such cases, are mutual and dependent; and he who seeks performance must himself offer performance.  But the executor of the assignee of the vendor having no connection with

the contract, and no act to perform in respect to it, need not tender the deed, but will be entitled to the benefits of a lien, if the vendee refuse payment.

2. VENDOR AND VENDEE—ASSIGNMENTS.—It is well settled that, where the vendor retains the title, the assignee of a note for the purchase money takes the lien; and the vendor, after the assignment, can do no act which will impair it.

APPEAL from the chancery court of Tunica county. HARMON, Chancellor.

The opinion of the court states the case.

*Ellet & Phelan* and *G. F. F. Thompson,* for the appellant.

*S. L. Guice,* for appellee.

SIMRALL, J.:

In June, A. D. 1860, R. H. Byrne sold the lands described in the pleadings to J. J. Mhoon, for $16,000, all of which has been paid except $4,000, evidenced by promissory note, due 1st January, 1863. Byrne executed the ordinary bond for title, by which he engaged to convey the property to Mhoon, with general covenants of warranty, on full and final payment of the money. Mhoon was at once let into possession.

The bill alleges that Byrne, for value, indorsed and delivered the promissory note made by Mhoon for the last installment, to C. P. Freeman, which is the note due 1st January, 1863.

Mrs. C. P. Freeman, after becoming owner of the note as endorsee, deceased, having made and published a last will and testament, which was duly probated. The complainant, J. W. Wilkerson, is executor of the will.

Byrne, the vendor, has also departed this life, intestate, and W. W. Humphries has been appointed and is acting as administrator of his estate.

The bill is brought by the executor of Mrs. Freeman, against Mhoon, Humphries, administrator, and also the

heirs of Byrne, claiming a lien on the land for the
money due upon the note.

Mhoon and Humphries, executor of Byrne, inter-
posed separate demurrers, assigning a great many
separate causes; all, however, tending to the same gen-
eral proposition, that .upon the facts stated the com-
plainant cannot have relief. The special causes
assign the several reasons why a recovery cannot be had.

It seems to us that counsel who support the demurrer
have confounded the different positions which the
assignee of the debt for the purchase money occupies,
from that of either Mhoon, the debtor, or the repre-
sentatives of Byrne's estate, if either of them should
move as plaintiff against the other.

If Mhoon should proceed against the heirs and exe-
cutor of Byrne, for enforcement of the contract, he
should tender the money as a condition precedent to his
right to the deed. So, if the executor should insist on
the money, he must offer a deed conveying the title
first. Either party, or their representatives, seeking the
performance by the other of the covenants devolving
upon the other, must himself fulfill, or offer so to do,
those which rest upon him. The payment of the money,
and execution of the deed, are simultaneous and con
current acts mutually dependent.

But the executor of Mrs. Freeman has no connection
between Byrne and Mhoon, except that he, by assign-
ment to his testatrix, is the creditor of Mhoon for the
balance of the purchase money, and is substituted to all
the securities of Byrne in aid of it. He holds the lien
on the land which Byrne had, but will not be permitted
to make it available so as to impair or prejudice Mhoon's
right to call for the legal title when he pays the money.

In giving, therefore, to the executor, the fruits of the
lien, a court of equity will be careful that Mhoon shall
have his deed, in accordance with the vendor's cove-
nant in that behalf, and would not direct a sale of the

land, or any part of it, unless Mhoon put himself in default by declining to pay the debt.

There was no act which Mrs. Freeman or her executor could do which would be incumbent on her, under the covenant between Byrne and Mhoon; she had no connection with, or control over, the title of Byrne, and, therefore, could take no step towards passing the title to Mhoon. At the same time, a court of equity would not direct Mhoon to pay her or her executor upon any other conditions than if Byrne or his administrator was claiming the money. We think the bill places the parties, and their respective obligations toward each other, in their just relations toward each other, so that rights under the covenant between Byrne and Mhoon may be ascertained and secured. The heirs of Byrne and Mhoon, the vendee, are made parties defendants.

All the parties in interest being before the court, it was in accordance with good practice, and the duty of the chancellor, to make such decree as would give effect to the equity arising upon the facts, whether the relief was specially prayed for or not. The framer of the bill supposed that a good deed to Mhoon could be made by the administrator of Byrne; hence, he asked that the administrator be required to execute such a deed and deposit it with the clerk, to be withdrawn by Mhoon, in payment of the note to the complainant. This view is predicated upon section 1195 of the Code of 1871, but is a misconception of it. That statute applies only where the vendee, or his heirs and assigns, apply for a deed in execution of the bond or agreement of the vendor who has deceased. In that special case, the court may order the executor or administrator to make the deed. Although this be so, yet, under the prayer for general relief, which in this bill is full, the court may decline to give the special relief, as improper, but extend to the complainant such redress and in such form as will completely meet the exigencies and equity of

his case. It ought, therefore, to enforce a deed from the heirs of Byrne, or if they refuse to convey, or are under disability, then it should appoint a commissioner so to do, and through his act, in virtue of the decree, invest Mhoon with the legal title.

It is well settled doctrine in this court, that when the vendors retain the title, the assignee of the debt for the purchase money takes the lien; and the vendor after assignment can do no act which will defeat or impair it.

How can he realize its benefit if he cannot file a bill bringing vendor and vendee, and their privies in blood and estate before the court; and submitting that each shall be compelled to observe his covenant with the other, and that he may be the recipient and beneficiary of the performance by the vendee of his stipulation to pay the money

We think the foregoing views meet all the objections taken in the demurrer to the bill.

The decree of the chancellor overruling the demurrer is affirmed.