## O. L. KIMBROUGH *v.* J. H. CURTIS et al.

1. CHANCERY PRACTICE — AMENDMENTS TO BILLS. — The practice in this state, under the liberal rules of amendments of pleadings authorized by statutes, is to entrust to the courts of original jurisdiction a very large discretion over the pleadings.   It is no abuse of that discretion to allow a defendant to withdraw an answer and put in a demurrer to the bill, especially if the bill does not state a title to the discovery and relief sought.

2. SAME — CONTRACT — MUTUAL AND DEPENDENT. — Where a conveyance is to be made upon payment of the purchase money, the respective acts are dependent and neither party can insist upon the performance of the thing stipulated to be done by the other without performance or an offer to perform upon his part.   A mere allegation in the bill of an offer and readiness to make a deed will not do.   Klyce v. Broyles, 37 Miss. Rep. 524.   Robinson v. Harbour, 42 Miss., 800.

3. SAME — NECESSARY PARTIES, ETC. — Where the administrator of the vendor is the complainant, asserting against the assignee of the vendee, the security held by him for the debt, the heirs of the vendor are necessary parties, so that their title may be divested.   That must be so unless the administrator tenders a proper deed from the heirs.

4. SAME — REMEDY IN EQUITY OF THE ASSIGNEE OF A NOTE. — The assignee of a note for the purchase money can maintain a bill against the vendor and vendee or their respective representatives, to enforce the lien and for specific performance of the contract of sale, and it is no objection to the bill that a deed was not tendered, for the title did not reside in the complainant and he could only reap the benefit of his equity by demanding that the parties to the contract of sale shall be held to the performance of their respective covenants.

ERROR to the Chancery Court of Leflore County. Hon. J. J. HOOKER, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*James Somerville,* for plaintiff in error.

1. The court erred in permitting the defendant, Walton, to withdraw his answer filed at a previous term, and interpose a demurrer. The whole proceedings were thus set aside. Amendments of pleadings are liberally allowed when necessary to bring the merits of the cause properly before the court. But this application was not made for that purpose. The demurrer makes a technical objection to the bill, which was waived by the defendant in his answer.

2. The court erred in sustaining the demurrer. Robinson v. Harbour, 42 Miss., 795.

*Geo. L. Potter* and *Thomas Walton,* for defendants in error.

1. The settled rule in this state is, in cases like this, that a bill does not lie until after a tender of a deed. 37 Miss., 524; 7 How., 172, 167; 10 S. & M. 560; 40 Miss., 477; 28 Miss., 242; 30 ib., 273, 258, 576; 34 ib., 131; 23 ib., 78; 3 How., 398; 13 S. & M., 48.

SIMRALL, J., delivered the opinion of the court :

A. L. McCaskill, the complainant's intestate, agreed in writing to sell and convey to Curtis, a certain tract of land ; the conveyance to be made upon payment of the purchase money. By a separate instrument, either a bond or a promissory note, Curtis

obligated himself to pay, " when the first steam car shall run on the Mississippi Central Railroad, through any part of Carroll county," which event, the complainant alleges, occurred on or about the first of February, A. D. 1860.

In 1862, Curtis sold and conveyed the land to defendant, Thomas Walton, who had notice of the contract with Curtis. The bill was filed by O. L. Kimbrough, administrator of the estate of A. L. McCaskill, deceased, for relief in the nature of specific performance, that is to say, that unless Walton shall pay by a short day the purchase money, then that the land shall be sold. The complainants tendered with their bill, a deed purporting to be executed by the heirs of McCaskill to Curtis.

To this bill, Walton filed an answer disclaiming all interest in the subject matter of the suit, alleging that before the suit was brought, he had conveyed the land to Mary Ann Walton and to Shields.

The complainant then filed an amended and supplemental bill, making Mary Ann Walton and Shields defendants, and asking against them the relief sought in the original bill against Thomas Walton.

It appears that the court permitted Walton to withdraw his answer, and disclaimer to the original bill; and to file a demurrer thereto.

This is the matter of the first assignment of errors. The practice in this state, under the liberal rules of amendments of pleadings, authorized by statutes, is to entrust to the courts of original jurisdiction a very large discretion over the pleadings. It is no abuse of that discretion to allow a defendant to withdraw an answer and put in a demurrer to the bill, especially if the bill does not state a title to the discovery and relief sought. In considering such application, the chancellor should examine the bill, with a view to determine whether the objections taken to it are well founded, and whether that reformation of the pleadings would tend to, and contribute to a disposition of the cause on the merits.

But the action of the chancery court in this behalf could have no material effect upon the ultimate issue of the controversy ; for Walton presents himself in the attitude of a nominal party, having previously transferred all of his interest in the land to other parties.

It is assigned secondly for error, that the demurrers of the defendants to the original and supplemental bills, ought to have been overruled.

The doctrine was put at rest in this court, by the cases of Klyce v. Broyles, 37 Miss. Rep., 524, and Robinson v. Harbour, 42 Miss., 800, 1, 2, 3. That where the conveyance is to be made upon payment of the purchase money, the respective acts are dependent, and neither party can insist upon the performance of the thing stipulated to be done by the other, without performance or an offer to perform on his part.

If the vendor is the complaining party, he must put his adversary in default by showing that he had tendered a deed conforming to his contract, and demanded the money before suit brought. Klyce v. Broyles, *supra.*

A mere allegation in the bill of an offer and readiness to make a deed, will not do. (Ibid.)

The reason upon which the principle rests is, that it is not to be presumed that the vendee will pay his money without receiving the equivalent in the title to the land. Nor that the vendor will convey without receipt of the money.

But does the complainant — the personal representative of the vendor — sustain the same relation to the title that the vendor did? He could not tender a deed, unless the heirs of his intestate should execute it and place it at his disposal. Nor should he be permitted to enforce payment against the vendee by sale of the land, unless the opportunity were afforded him to obtain the legal title, by complying with his contract to pay the money. If the heirs should decline to convey at the request of the complainant, the vendee should not be compelled to pay.

The relations and rights of the several parties are these: the complainant is a creditor, with the benefit of the security attending the debt. The vendee, the debtor, is entitled to a proper assurance of title on parting with his money, or his assignee is subjected to the same responsibility. The law esteems the title as retained by the vendor as security for the purchase money. The assignee of the purchaser takes the equitable title incumbered with a quasi lien for the debt to the original vendor.

When the administrator of the vendor is the complainant, asserting against the assignee of the vendee the security held by him for the debt, the heirs of the vendor are necessary parties, so that their title may be divested. That must be so, unless the administrator tenders a proper deed from the heirs. But the complainant alleges in his original bill, that Curtis sold and conveyed the land in 1862 or 1863, to Thomas Walton, and offers, with his bill, a deed executed by the heirs, in 1870, to Curtis. The conveyance to Walton operated a transfer from Curtis of his equity, and substituted Walton to all of his rights under the title bond. Under the allegations of the original bill, Walton could not have been required to accept that deed as fulfilling the measure of his rights as assignee of Curtis.

But the supplemental and amended bill alleges that Walton had sold and conveyed to Mary Ann Walton and Shields. To entitle the complainant to relief against them, he should have tendered a deed from the heirs to them; or he should have made the heirs parties, and prayed a specific performance of the original contract with Curtis, and on a failure of these assignees to pay, then the lands be sold.

We have held in a case, analogous to this, that the assignee of the note for the purchase money could sustain a bill against the vendor and vendee, or their respective representatives, to enforce the lien and for a specific performance of the contract of sale; and that it was no objection to the bill, that a deed was not tendered; for the title did not reside in the complainant, and he could only

reap the benefit of his equity by demanding that the parties to the contract of sale shall be held to the performance of their respective covenants.

In this case the complainant may resort to the security of his intestate for the debt. But his equity upon the land should not be meted out to him, at the expense of the respective rights of parties arising out of the contract of sale. That can be conserved to them by making them parties to the suit, and adjusting the decree according to their respective equities.

Under neither of the bills could this sort of relief have been administered. It was proper, therefore, to have sustained the demurrer.

We think enough appears in the complainant's bills to show, upon a proper statement of his case, he may have relief. We do not think that it is necessary that the complainant should aver in his bill a tender of a deed from the heirs, before suit brought, nor is he bound to offer such a deed with his bill. It may be impossible for him to induce the heirs to execute a conveyance. The reason of the authorities cited does not apply.

We do not think the bill amenable to the objection, that the contingency stated for the payment of the purchase money, is a wagering or gambling contract. At the date of the obligation, The Mississippi Central Railroad was being constructed. When the contingency would happen was uncertain; but it was reasonably certain, according to appearances, that the event would take place at some time in the not remote future. We waive the point made in the demurrer on the statute of limitations, and leave that open if the litigation shall be continued. It does not distinctly appear whether the debt was evidenced by bond or promissory note, nor are dates stated with sufficient precision.

The decree sustaining the demurrer is affirmed; so much as dismisses the bill is reversed, and cause is remanded, with leave to complainant to amend his bill; if not amended, then the chancellor shall dismiss it.

Appellant to pay the costs in this court.