| 56　573|<br>| 73　236|

### JAMES P. BOYCE *v.* ROSANAH FRANCIS ET AL.

1. VENDOR AND VENDEE. *Specific performance. Assignee of note. Tender.*
   The assignee of a note for the purchase-money of land for which a title-bond has been given can maintain a bill for specific performance against the representatives of the vendor and vendee, without tendering a deed. *Mhoon* v. *Wilkerson,* 47 Miss. 633, and *Kimbrough* v. *Curtis,* 50 Miss. 117, cited.

2. LIMITATION OF ACTIONS. *No bar before administration.* ·
   Notes unbarred at the death of their maker cannot become barred before administration on his estate. Code 1871, sect. 2162.

APPEAL from the Chancery Court of Lee County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

The appellant filed an original bill in chancery against the widow and heirs of S. M. Francis, the heirs of Kerr Boyce, and the administrator and heirs of Farish Carter, alleging that one Drane, as agent for Boyce & Carter, land-owners, on June 29, 1860, sold to S. M. Francis a quarter-section of land, making a bond for title in the name of Boyce & Carter, and receiving the purchase-price partly in cash and the balance in S. M. Francis's notes : that about 1862, S. M. Francis died, the notes being then unbarred, and there has been no administration on his estate, which had no personal property with which to pay the notes remaining due ; that the complainant is the only executor of Kerr Boyce, deceased, who by his will makes such executor legal owner of all his property ; that, having in 1873 filed his bill against the administrator of Farish Carter, and the heirs and legatees of Kerr Boyce and Farish Carter, the lands of said decedents were divided between Carter's heirs and the appellant ; that the land sold to Fran-

cis was set apart to the appellant; that this land is in the possession of the widow and heirs of Francis, to whom the appellant, as executor of Kerr Boyce, before filing this bill tendered a deed, which is the best he can do, not being able to control the heirs of Carter and Boyce, but he makes them parties to this bill to divest the title.

The complainant filed an amended bill, which alleged, in addition to the allegations of the original bill, that the complainant was the owner and holder of the notes given by Francis for the land, and was entitled to receive the money due thereon. The prayer was, that the heirs of Francis be required to pay the notes by a day to be named; that the holders of the legal title to the land be divested of the same, and a commissioner be invested therewith, and required to convey the same by deed to the heirs of Francis; and that, in default of payment of the notes, the land shall be sold and the proceeds applied; and for general relief. The defendants demurred; the demurrer was sustained, and the bill dismissed.

*Clayton & Clayton*, for the appellant.

1. (1.) The partition vested the title of the land in the appellant, so that he can make title. (2.) At least, it was operative to invest in the appellant a complete equitable title. (3.) At all events, the appellant has the right, against the heirs of Francis and of Carter, to assert his claim to the notes, and give them an opportunity to make their showing against it.

2. The appellant was not required to tender a deed. *Mhoon* v. *Wilkerson*, 47 Miss. 633; *Kimbrough* v. *Curtis et al.*, 50 Miss. 117.

3. The notes are not barred by limitation, because they were not barred when Francis died, and there has been no administration on his estate. Code 1857, p. 401, art. 18; Code 1871, sect. 2162; *Clayton* v. *Merritt*, 52 Miss. 353.

*J. A. Brown*, on the same side.

This matter being complicated, involving many equities, and the entire subject, with all the parties in interest, being before the court, equity will avoid a multiplicity of suits by doing

complete justice in this one.   Fry on Spec. Per., sects. 124–127; 30 Beav. 474; 1 Sim. & St. 600; 23 Ga. 164; 18 Wis. 174; 2 Conn. 399; 33 Cal. 649; 9 Cush. 359; 50 Miss. 121; 51 Miss. 869; 54 Miss. 476.

*Robbins & Allen*, for the appellees.

1. After the sale to Francis, the vendors had no such interest in the land as entitled them to partition, and that proceeding vested no title in the appellant.   Code 1871, sect. 1809.

2. The bill is too uncertain.   The very foundation of the complainant's right to sue, his title to the notes, is not set out, further than the statement that he is the legal owner and holder of them.   This is not sufficient.   He must show how he became the legal owner.

3. *Mhoon* v. *Wilkerson*, 47 Miss. 633, and *Kimbrough* v. *Curtis et al.*, 50 Miss. 117, are not applicable to this case, having been decided on different states of facts.

4. The bill shows that the notes sought to be collected were barred by the Statute of Limitations at the time of the commencement of the suit.   *Byrd* v. *Byrd*, 6 Cush. 144; Stephen on Pl. 378, note.

*Per Curiam.*

This case falls within the principle announced in *Mhoon* v. *Wilkerson, Exr.*, 47 Miss. 633, and *Kimbrough* v. *Curtis et al.*, 50 Miss. 117; and laying out of view the partition of the lands of Boyce & Carter, set forth in the bill, a case is presented which entitles complainant to a decree.

The notes are not barred, because the bill shows that no administration has been had on the estate of Francis, their maker.   Code, sect. 2162.

Decree reversed, demurrer to amended and original bill overruled, and cause remanded for defendants to answer in thirty days after the mandate herein shall have been filed in the court below.