FANNIE E. REMBERT ET AL. *v*. CARRIE KEY ET AL.

1. LIMITATION OF ACTIONS. *Death of debtor. No administration.*

 A debt due, but not barred by the Statute of Limitations, at the time of the death of the debtor, cannot, after his death, be barred by such statute before letters of administration or of executorship have been granted upon his estate.

2. RES ADJUDICATA. *Suit by trustee and by cestui que trust. Case in judgment.*

 S. purchased a tract of land with money belonging to her children, but took the title in her own name. She then sold the land to K., giving a bond for title, and receiving a part of the purchase-money, the balance to be paid in twelve months. K. failed to make the deferred payment, and S. conveyed the land in trust to B. for her children, in consideration of her indebtedness to them. Thereupon B. filed a bill in chancery to subject the land to the payment of the unpaid purchase-money. A demurrer to the bill was sustained and the suit dismissed, and no appeal was taken in that case. Subsequently a bill was

filed by the children of S., seeking substantially the same relief as was sought in the other case. A demurrer to this bill was sustained, and the complainants appealed. It is contended by the appellees that the matters of this suit are *res adju licata*. The complainants in the latter bill were not parties to the former suit. And the conveyance by S. to B. made no mention of the debt for the purchase-money still due on this land. *Held*, that B. has no interest, beneficial or technical, in such debt, and no right to collect it; and his unauthorized and unsuccessful attempt to collect the same by a proceeding to which the appellants were not parties did not bind them, nor in any manner affect their right to bring this suit.

APPEAL from the Chancery Court of Jefferson County.

Hon. H. S. VAN EATON, Chancellor.

The case is stated in the opinion of the court.

*W. T. Martin* and *Thomas Reed*, for the appellants.

1. One of the grounds of demurrer is, " that the facts show that the questions presented for relief have been adjudicated." But there is a manifest difference between this suit and the one brought by Bullen. The bill filed by Bullen was deficient in not tendering a deed, as required by the covenants of the contract, and was therefore properly dismissed. This was one of the points for decision in the former suit; the other was the Statute of Limitations. The issues now presented are different from those involved in Bullen's suit, and the chancellor, in overruling the demurrer in this case, so stated; but from his opinion the inference was that he considered that the Statute of Limitations barred a recovery. In this he was mistaken. Upon the question of *res adjudicata*, see *Pugh* v. *Wheless,* 5 Cushm. 461.

2. The other ground of the demurrer is that the Statute of Limitations bars a recovery in this case, because more than three years had elapsed from the time the debt of Mrs. Key became due until the filing of the original bill herein. Mrs. Key having died, and there being no administration on her estate, the debt is not barred. Code 1871, sect. 2162 ; *Metcalf* v. *Grover,* 55 Miss. 145 ; *Boyce* v. *Francis,* 56 Miss. 573.

*E. R. Jones,* for the appellees.

1. We submit that, under the facts disclosed by the record

in this case, the chancellor did right in sustaining the demurrer and dismissing the bill. See *Strickland* v. *Kirk*, 51 Miss. 795. This case is clearly *res adjudicata*, having been before decided by a court of competent jurisdiction, the parties being the same and the subject-matter the same. *Agnew* v. *McElroy*, 10 Smed. & M. 552; *Johnson* v. *White*, 13 Smed. & M. 584; *Mosby* v. *Wall*, 1 Cushm. 81.

2. The Statute of Limitations certainly bars a part, if not the whole of the money alleged to be due the appellants. The last payment of the purchase-money was due on open account on the 1st of November, 1870 — three years and six and one-third months before the conveyance to Bullen, and nearly six years before the filing of his bill.

Chalmers, C. J., delivered the opinion of the court.

The bill which is demurred to shows this state of facts: Mrs. M. J. Stewart purchased real estate with her children's money, taking the deed in her own name. In 1868 she sold it by title-bond to Mrs. Fannie Key, receiving one-half the purchase-money in cash, the other half to be paid in twelve months.

Mrs. Key died in 1870, after the maturity of the deferred sum, and without having made payment of it. There has never been any administration upon her estate. In 1874 Mrs. Stewart executed a deed whereby she conveyed the real estate in question, with some other parcels, to one Bullen, as trustee, for her children, reciting in the conveyance that it was made in consideration of indebtedness due from herself to her children.

In 1876, Bullen filed a bill against the heirs of Mrs. Key to subject the property sold her to the payment of the unpaid purchase-money.

To this bill a demurrer was interposed, setting up the Statute of Limitations and a want of equity upon the face of the bill. This demurrer was sustained and the bill dismissed, and

from this decree no appeal was taken. The present bill, which seeks substantially the same relief as the former, is filed by the children of Mrs. Stewart, who have now with one exception, come of age, and sets forth the above facts. It is demurred to as showing upon its face that the debt sought to be enforced is barred by the Statutes of Limitations, and that the matters in issue are concluded by the former adjudication.

The defence of the Statute of Limitations is manifestly bad, it appearing from the bill that the debt was due in Mrs. Key's lifetime; that she died before the bar attached, and that no administration has ever been had upon her estate. *Boyce* v. *Francis,* 56 Miss. 573; Code 1871, sect. 2162.

Neither is the plea of *res adjudicata* good. Even if the debt sought to be collected here had been embraced in the conveyance to the trustee, it is questionable whether a suit brought by him to collect it, in the absence of any authority, express or implied, to make such collection would be binding on the *cestuis que trust,* who were not parties to it, since the general rule is, that to the maintenance of such suits it is essential that the *cestuis que trust* be joined as parties, or in some way participate in their prosecution. Edw. on Parties, 158; 1 Dan. Ch. Pr. (5th Am. ed.) 220; 2 Perry on Tr., sect. 873.

But in the conveyance to Bullen no allusion is made to the debt sought to be collected here. The legal title to the land which protects that debt is conveyed to him, and, therefore, in any proceeding to subject the land to the debt he is a necessary party, but in the debt itself he has neither a beneficial nor technical interest, nor any right to collect it. Manifestly, therefore, his futile attempt to do so by a proceeding to which those entitled to it were not parties, does not estop them.

Decree reversed, demurrer overruled, and sixty days given to answer.