AMERICAN FUNDING CORPORATION *v.* A. J. PENNINGTON.

[64 South. 845.]

1. BILLS AND NOTES. *Action by indorsee. Right of recovery. Defenses. Bona fide purchasers.*

Where a purchaser of land gave his note for the purchase price under a contract providing that when the purchase price was paid in full the vendor should execute a full warranty deed to the purchaser, it was not necessary for the *bona fide* endorsee of said notes to tender a deed in order to obtain judgment on the same.

2. BILLS AND NOTES. *Defenses. Bona fide purchaser. Burden of proof.*

In a suit on such notes by the indorsee the burden of proof was on the maker to establish that he has equities or defenses to the notes and that the endorsee has due notice thereof.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Suit by the American Funding Corporation against A. J. Pennington. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Baskin & Wilbourn* and *W. C. Sams*, for appellant.

The defendant, the appellee herein, attempts to defend on the ground that a deed to said property was not tendered by the Montray Realty Company but by the appellant herein. We would respectfully submit that neither of said attempted defenses can avail anything to the said appellee herein.

It seems that said appellee relies on the case of *Geo. H. Paul Company*, appellants, v. *C. W. Shaw*, found in 27 L. R. A., New Series, p. 1123.

This case is not in line at all with the case at bar, nor even analogous. In the last-cited case the appellant was the original payee and tendered a deed from a stranger to the appellee, the defendant in the lower court; also,

said appellant was a party to the contract for the sale of land in the above case. In the case at bar, the appellant is not the original payee of the notes sued on, neither is it a party to any contract with the appellee herein. If the Montray Realty Company, the original payee of said notes in this cause, and a party to said contract set out in the record, had brought suit upon said notes, and if it had tendered to the appellee herein a deed from a stranger, then this case would be in some respects similar to the case above cited and relied upon by the appellee herein; but as it is considering the facts in this and the cited case, we submit that the two cases have no similarity, and are not even analogous, and that the *George H. Paul Company* v. *C. W. Shaw case* cannot be relied upon successfully by the appellee herein, especially in view of the Perkins case above referred to and decided by this court, number 15,586.

By way of recapitulation, the appellant's rights are governed by the law of the District of Columbia, and the record discloses that according to the law of the District of Columbia the appellant was a *bona fide* holder of said notes sued upon, was a holder for value before maturity, without any knowledge of defects in the title, or of any defenses that the appellee might have against the original payee; that said appellant was without notice of any such defects and was not guilty of fraud. Also, the burden is upon the maker of the notes to show that appellant was not a *bona fide* purchaser for value of said notes; that all legal presumptions are in favor of the appellant and that this burden of proof on the appellee has not been by him sustained, nor has said appellee overcome the said presumption in favor of appellant.

We respectfully submit that the ruling of the lower court should be reversed and judgment rendered in this court for appellant.

*F. V. Brahan,* for appellee.

I submit that this case on the record, is controlled and governed by the case of *George H. Paul Co.* v. *S. W. Shaw* reported in "Lawyers Reports Annotated," volume 37, New Series 1912, and the superb note following: I don't gainsay the proposition that our "Anti Commercial Statute," sec. 4001, of Code of 1906, and the annotations thereunder and the latest holding of this honorable court in *Houston* v. *Keith,* 100 Miss. 83, relied on by counsel, to be the law as to the *"lex fori,"* but I say, these authorities are as wide of the mark in this case as was the shooter in "Georgia Scenes." In other words, the authorities relied on by counsel, claims the right to recover on fraudulent and swindling transactions (if indeed they are, and most of this kind are), because of the rule laid down in *Houston* v. *Keith,* but the court will distinguish the case of simple contracts as in those cases which passes title by possession, and the conveyance of real property, which passes title by deed from the vendor to the vendee, and which have no application to the instant case.

I submit, that if this case was one that *"lex fori"* and innocent purchaser rule had its application, it is barren of it, for the reason, that the appellant well knew from the contract and notes executed between the Montray Realty Company and A. J. Pennington, what they were given for: Knew that the Montray Realty Company were to deliver a proper deed, duly executed and acknowledged by it, and an abstract of title by a Guarantee Company which it never did tender, and hence, the plaintiffs or appellants are bound by the muniments of title from the Montray Realty Company, and not appellee.

I submit, from a casual glance at the case of *Baldwin* v. *Anderson,* decided by this honorable court on January 27, 1913, 60 So. 578, wherein it is held: "When the appellee purchased the land, he knew that the debt to the Mortgage Company had not been paid. He knew, or is

presumed to have known (*Deason* v. *Taylor,* 53 Miss. 697), what the recited consideration in the deed was. This knowledge was sufficient to have excited his attention and put him upon inquiry.

A slight investigation would have conducted him to a knowledge of the true state of the title; consequently, he must be charged with knowledge thereof, for "whatever is enough to excite attention or put a party on inquiry, is notice of everything to which such attention or inquiry might reasonably lead." *Parker* v. *Foy,* 43 Miss. 260, 5 Am. Rep. 484." So here a "slight investigation" of the contract and notes between the Montray Realty Company and Pennington would have prevented this alleged innocent purchaser fraud.

Wherefore I respectfully ask that the case be affirmed.

REED, J., delivered the opinion of the court.

This is an action brought in a justice of the peace court, by appellant, to recover the amount of certain promissory notes made by appellee. When the case was tried in the circuit court, upon appeal, after testimony for both sides had been introduced, the court refused a peremptory instruction in favor of appellant, and granted a peremptory instruction to find for appellee.

The record discloses that on March 8, 1911, appellee made application to the Montray Realty Company to purchase five lots on Long Island, New York. This application was confirmed, and contains the contract of sale. It shows that all payments were to be made to the order of the Montray Realty Company, and when the purchase price was paid in full, according to contract, a full covenant warranty deed was to be issued, free of cost, to appellee. It also stipulates that the lots were to be high and dry and free from all incumbrances, and that the title was guaranteed by the United States Title Guaranty & Indemnity Company of New York.

The purchase price of the lots was sixty-eight dollars and forty cents each, to be paid by check for twenty-eight

dollars and fifty cents, as cash, and the balance in eleven payments, each twenty-eight dollars and fifty cents. The payments were evidenced by the notes of appellee, dated March 8, 1911, and payable to Montray Realty Company, or order, at the office of American Funding Corporation, appellant in Washington, D. C. These notes were payable monthly. They were indorsed in blank by the Montray Realty Company, the payee, and thereby, on March 14, 1911, transferred to appellant for a valuable consideration. The notes were duly negotiated before any one of them fell due. The evidence for appellant shows that it did not receive any notice of any equity or defense to the notes.

It seems to be contended by appellee that he refused to carry out his purchase because the lots were not high and dry, as guaranteed to be. We fail to find, however, any testimony offered by appellee to sustain this contention. On the other hand, there is testimony on the part of appellant that the lots were substantially as described in the contract.

Another contention appears to be that no deed had been tendered by appellant from the Montray Realty Company from whom the lots were purchased. It was not necessary for the appellant, the assignee of the notes for the purchase money, to tender a deed in order to obtain judgment in this case. *Mhoon* v. *Wilkerson,* 47 Miss. 633; *Kimbrough* v. *Curtis,* 50 Miss. 117; *Boyce* v. *Francis,* 56 Miss. 573.

In the trial it became incumbent upon appellee to show that he had equities or defenses to the notes, and that appellant had due notice thereof. He has failed in this. In truth, the proof fails to establish any equities or defenses to the notes, or any fraud or deceit practiced upon appellee in the matter.

The peremptory instruction to find for appellant should have been given.

Reversed, and judgment here for appellant.

*Reversed.*